Nov. Term, 1845.

WALLS
v.
THE STATE.

*C. Fletcher*, *O. Butler*, and *S. Yandes*, for the appellee.

---

DENNIS v. DENNIS.—On appeal.

*Thursday, December 11.*

---

<div style="border:1px solid">7b(b)572<br>f156 342</div>

WALLS v. THE STATE.

If a person, not being a traveller, carry a pistol concealed about his person, he is guilty of an indictable offence. His motive for carrying the pistol is immaterial.

*Thursday, December 11.*

ERROR to the *Union* Circuit Court.

DEWEY, J.— Indictment for carrying concealed weapons. One count charges the defendant below with carrying a dirk concealed about his person; and another alleges that he carried a pistol concealed in his pocket. Plea, not guilty; verdict, guilty and a fine of 20 dollars; judgment accordingly.

On the trial, evidence was given tending to prove that the defendant, not being a traveller, carried a six barrel pistol about his person, which he frequently exhibited as " a kind of curiosity." The defendant prayed the Court to instruct the

jury, that if they believed from the evidence the defendant carried the pistol merely for the purpose of exhibiting it as a curiosity, they should find him not guilty. The Court refused so to instruct.

There was no error in that refusal. First, because for aught that appears of record, there might have been evidence enough to convict the defendant on the first count of the indictment, for carrying a concealed dirk. And, secondly, because if the defendant, not being a traveller, carried a pistol concealed, he was guilty of the offence prohibited by the statute. R. S. 1843, p. 982. His motive for or intention in carrying it constituted no part of the offence, and, of course, had nothing to do with his guilt or innocence of the fact charged — that of carrying the pistol concealed. If he exhibited his pistol so frequently that it could not be said to be concealed, that was another matter; but it was a fact exclusively for the jury; and was not embraced by the instruction asked for.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Sleeth* and *J. Ryman*, for the plaintiff.

*A. A. Hammond* and *S. Major*, for the state.