The State *v.* Judy.

---

THE STATE *v.* JUDY.

CRIMINAL LAW.—*Carrying Concealed Weapon.—Indictment.*—An indictment for wearing or carrying a deadly weapon concealed need not allege that it was worn or carried "with the intent or avowed purpose of injuring" any person.

SAME.—*Surplusage.—Practice.*—An indictment charged the defendant with carrying a certain deadly weapon concealed "in his pocket."

*Held,* that the phrase "in his pocket" is surplusage merely, and might have been struck out on motion.

SAME.—*Bill of Exceptions.—Supreme Court.*—A bill of exceptions is not necessary, to present to the Supreme Court an exception to the ruling on a motion to quash an indictment.

From the Warren Circuit Court.

*C. A. Buskirk,* Attorney General, and *T. L. Stilwell,* Prosecuting Attorney, for the State.

*J. McCabe,* for appellee.

WORDEN, J.—The following indictment was returned by the grand jury of Warren county, and quashed, on motion of the defendant, the State excepting, viz.:

" State of Indiana, Warren County, ss.
" Warren Circuit Court, October term, 1877.

" The State of Indiana } Indictment for carrying con-
v. } cealed weapons.
" Isaac Judy. }

" The grand jurors of Warren county, in the State of Indiana, good and lawful men, duly and legally empanelled, sworn and charged in the Warren Circuit Court of said State, at the October term for the year 1877, to enquire into felonies and certain misdemeanors in and for the body of said county of Warren, in the name and by the authority of the State of Indiana, on their oaths do present, that one Isaac Judy, late of said county, on or about the 14th day of June, A. D. 1877, at and in said county and State aforesaid, did then and there unlawfully carry, concealed in his pocket, a certain dangerous and deadly weapon, to wit, a pistol, he, the said Isaac Judy, not being then and there a traveller, contrary," etc.

The indictment was based upon the following statute, viz. :

" *Be it enacted*," etc., " That every person not being a traveller, who shall wear or carry any dirk, pistol, bowie-knife, dagger, sword in cane, or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent or avowed purpose of injuring his fellow-man, shall, upon conviction thereof, be fined in any sum not exceeding five hundred dollars." 2 R. S. 1876, p. 483.

We understand, from the brief of counsel for the appellant, that the indictment was quashed because it did not contain an averment that the pistol was carried by the defendant, " with the intent or avowed purpose of injuring his fellow-man." In our opinion, such allegation was not necessary. The indictment alleged, that the defendant carried the pistol " concealed," and that was sufficient.

The statute creates two offences : *first*, the carrying or

wearing, by any person other than a traveller, of such weapon, as is described, "concealed;" and, *second*, the carrying or wearing of such weapon openly, or without concealment, but with the intent or avowed purpose of injuring his fellow-man.

Under the first branch of the statute, the motive or intention of the defendant in carrying the pistol was not material. If he carried the pistol " concealed," as alleged, the offence was complete, without reference to motive or intention. *Walls* v. *The State*, 7 Blackf. 572; *The State* v. *Swope*, 20 Ind. 106. The case last cited was under the same statute, and is precisely in point here; but we are asked to overrule it. We are of opinion, however, that the case placed a proper construction upon the statute, and was correctly decided.

But it is urged by the appellee, that the indictment was bad, and properly quashed, because it did not show that the pistol was concealed about the person of the defendant. It is argued, that the words of the statute, " wear or carry," are used interchangeably, as signifying the same thing, and imply that the weapon is to be worn or carried about the person, in order to constitute the offence. The indictment charged, that the defendant carried the pistol " concealed in his pocket." It is argued, that, as the word " pocket " does not necessarily mean a bag or pouch inserted in a garment, but may have a different meaning, as a large bag for holding hops, ginger, wool, etc., it does not appear from the allegation that the pistol was carried and concealed about the defendant's person, but may have been carried and concealed elsewhere, as in a wagon, railroad car, etc.

The words "in his pocket," in the indictment, might be struck out as surplusage, and the indictment would, without them, be clearly sufficient. It would then charge that the defendant carried the pistol " concealed." This is all the statute requires. If the words, "in his pocket," did no good, they certainly did no harm. If, on the trial

of the cause, it should appear that the carrying or conceal-- ment was not such as is contemplated by the statute, the defendant can avail himself of the defence.   But, as matter of pleading, it is sufficient to allege, in the language of the statute, that the defendant carried the pistol concealed, he not being a traveller.

We think the court erred in quashing the indictment.

But it is claimed by the appellee, that no valid excep- tion was taken to the ruling below in quashing the indict-- ment, as there was no bill of exceptions filed.

As an indictment can be quashed only for defects appar- ent on its face, we see no necessity for a bill of excep- tions in such case.

The judgment below, quashing the indictment, is re-- versed, and the cause remanded for further proceedings.