Filed September 27, 1893.

---

16,910.

## THE STATE v. SARLLS.

CRIMINAL LAW.—*Embezzlement.*—*Indictment.*—*On Which Section Founded.*—*Sufficiency of.*—*Demand.*—*Certainty.*—Where an indictment for embezzlement charged that defendant, being then and there the employe, clerk, servant, and collector of, etc., the indictment was sufficient without alleging a demand for the money wrongfully converted, it being sufficiently shown to be founded on section 1944, R. S. 1881, and the word "collector," as used in the indictment, not being sufficient to establish the charge on section 1945, R. S. 1881; when construed with the rest of the indictment, the word "collector" does not render the indictment bad for uncertainty.

SAME.—*Embezzlement.*—"*Collectors,*" *Meaning of as Used in Section 1945, R. S. 1881.*—*Demand.*—The word "collectors," as used in section 1945, R. S. 1881, defining the crime of embezzlement, aims at that class of persons or collectors, who, as a profession for fee or percentage, collect generally for the public. Such section recognizes their right to mix the money thus collected with their own or other funds, by making a demand necessary before the crime is complete.

SAME.—*Crimes.*—*How Charged.*—*Several Things Mentioned Disjunctively.*—*When Chargeable Conjunctively*—It is a rule of construction in this State, that when a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count.

From the Posey Circuit Court.

*A. G. Smith*, Attorney-General, *J. W. Spencer* and *S. Leavenworth*, for the State.

*W. S. Jackson*, for appellee.

DAILEY, J.—On the 29th day of November, 1892, the grand jury of Posey county returned into court an indictment charging the appellee, Roy Sarlls, with the embezzlement of $31 of the funds of William Ford and Braddock McGregor.

Appellee moved the court, orally, to quash the indictment, alleging, for cause, that said indictment, on its face, charged the defendant with embezzlement under section 1945, R. S. 1881; that said indictment contained no allegation that reasonable demand had been made of the appellee, by his client or employer, or persons designated by them to receive the same.

The appellant claimed, in substance, that the indictment, on its face, was a good and sufficient charge of embezzlement under section 1944, R. S. 1881; that it was drawn upon said section, and, therefore, no averment of demand was necessary. The court sustained appellee's motion to quash, to which ruling and judgment appellant, at the time, excepted and appealed to this court.

But one question arises for consideration under the assignment of error in this case. Did the court err in quashing the indictment? The charging language of the indictment is "that Roy Sarlls, on or about the 15th day of November, 1892, at said county, being then and there the employee, clerk, servant, and collector of William Ford and Braddock McGregor, for the collecting and keeping of the accounts of the electric light bills and accounts due and then and there belonging to said Ford & McGregor, did then and there receive and take into his possession from the moneys of said Ford & McGregor, to which the said Roy Sarlls then and there had the control and possession by virtue of his employment, and whilst so employed as aforesaid, the following property, to wit: [here the indictment describes the property taken

as money, and states the denomination of each bill and piece of coin], to the possession of all and each of which the said William Ford and Braddock McGregor were then and there entitled, and did then and there feloniously and fraudulently take, purloin, secrete, and appropriate to his own use, the moneys aforesaid,'' etc.

The appellee, in support of the rulings of the court below, contends that the indictment is bad for three reasons:

"1st. For uncertainty.

"2d. Because it shows upon its face that it was returned under section 1945, R. S. 1881, which defines embezzlement by attorneys at law and collectors.

"3d. That showing on its face that the offense charged was against the provisions of section 1945, R. S. 1881, the indictment was bad for not alleging that a demand had been made as required by that section."

In 2 Bishop's Criminal Law, section 332, we have the following clear doctrine upon the interpretation of terms: "The most frequent terms to indicate the person embezzling, are 'agent,' 'servant' and 'clerk.' We saw, in 'Statutory Crimes,' that according to an old doctrine, now exploded in England, and not uniformly followed in this country, where a statute enumerated several things, in words so broad in meaning as to overlie one another, the less specific are narrowed in the interpretation to prevent this overlying.   [1st Stat. Crimes, section 247.] Now, the words of our principal statutes are 'agent, servant, clerk,' and if the exploded doctrine were to be applied to them, the person offending could be deemed to belong to only one of these three classes, not to two or to all, and the pleader must select, at his peril, one, and only one, which the court should charge him as being.   But the author is not aware that any attempt has been made to apply this doctrine to these statutes; consequently, if

the pleader is satisfied the defendant is either an 'agent,' a 'clerk,' or a 'servant,' he selects the term which pleases him best; then, should the proofs sustain the allegation in this respect, all is well, though it should appear that one of the other statutory terms would be equally appropriate.''

It is a rule of construction, in this State, that when a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count. The indictment, excepting the word ''collector,'' does not use a single term or expression of section 1945, nor does the word ''collector'' appear in the body of that statute, its only use being in the title. The language of that section is, ''any attorney at law or person engaged in making collections for others,'' etc.

If a person engaged in making collections for others is a collector, by an equally fair interpretation a ''clerk,'' a ''servant,'' an ''employe,'' or ''keeper of accounts,'' so engaged, may be collectors; and a collector may be a servant, clerk, employe, and keeper of accounts.

Section 1945, *supra,* by its terms, clearly aims at that class of persons or collectors who, as a profession for fee or percentage, collect generally for the public. It recognizes their right to mix the money thus collected with their own or other funds, by making a demand necessary before the crime is complete; and in charging an offense under this section, the fact of demand must be averred in the indictment. The section means, in this respect, just what it says, and is capable of no other construction.

Gillett, in his work on Criminal Law, section 410, p. 333, says: ''Persons working on commission are not ordinarily servants, for the reason that such persons have the right to mix the money received with their own mon-

eys, and perhaps for the reason that such persons may travel when and where they please, and are not sufficiently under the control of the employer.''

The descriptive features in the indictment, designating the character in which he acted as collector, excludes the idea that the charge is predicated on section 1945, *supra*. But section 1944, *supra*, aims at a different class. Clerks, servants, and employes, having the right to the possession of their employer's money, only for the purpose of immediately depositing it in a certain and designated receptacle. With this class, the right of possession is only momentary, with no right to mingle the funds with their own. To what class the defendant in this case belongs can only be determined from the language of the indictment on its face.

It is conceded by the appellee that "had the pleader been content with the general allegation that the defendant, as the servant, clerk, and employe of Ford & McGregor, embezzled money belonging to that firm, then the indictment would have been certain; but when the allegation was followed by a specification as to the particular capacity in which the defendant acted, it at once became uncertain which of the two offenses was charged.''

We think the indictment is not artistically drawn, but, under section 1736, R. S. 1881, the words used must be construed in their usual acceptation in common language, and applying the rule laid down in. *McCool* v. *State*, 23 Ind. 127, "that no greater certainty is required in criminal pleading than in civil," the charge clearly places him in the class designated in section 1944, by describing him as "clerk," "servant," "employe," "collector," and "keeper of accounts for an electric light company." These terms are readily interchangeable and overlying, and, in this instance, de-

rive a common character and meaning from their relative positions in, and the formation of, the entire sentence. Neither was appellant bound to use the precise words of the statute, but other words conveying the same meaning may be used.   R. S. 1881, section 1737.

In 2 Bishop on Criminal Law, section 333, he suggests, that in every relation on which embezzlement may be predicated, the position of the person embezzling must have a correlative; that is, "there can not be a clerk without an employer, a servant without a master, an agent without a principal."

In Gillett's Criminal Law, *supra*, citing from Wharton, the author says:   "The term servant may include employes,   *   *   *   cashiers, collectors.   *   *   *   A person has been held a clerk who was employed to keep accounts and to pay money thereon.   *   *   *   The word employe   *   *   *   means a person employed.   *   *   *   In general, the term agent designates those employments where the persons exercising them are not under the immediate control of the superior."

Adopting these definitions, and applying these tests of its sufficiency, we think the indictment sufficient to advise the defendant that he is being prosecuted under section 1944, *supra*.

The terms in the charge, "and collector of William Ford and Braddock McGregor, for the collecting and keeping of the accounts of the electric light bills and accounts due," etc., immediately follow and are used in direct connection with the words "employe," "clerk," and "servant," and explain appellee's peculiar relation as such.   If the language quoted could be treated as surplusage, the motion to quash should not prevail.

By statute, "surplusage" or "repugnant allegation" does not render an indictment insufficient, "when there is sufficient matter alleged to indicate the crime and per-

son charged." Clause 6, section 1756, R. S. 1881; *State* v. *McDonald,* 106 Ind. 233; *Myers* v. *State,* 101 Ind. 379; *State* v. *Judy,* 60 Ind. 138.

It is a general rule, irrespective of statute, that surplusage does not vitiate, and, to aid the sense, it may be rejected. *State* v. *Judy, supra.*

Judgment is reversed, with instructions to the circuit court to overrule the motion to quash the indictment.

Filed Oct. 17, 1893.