Dean v. The State.

# DEAN v. THE STATE.

[No. 18,152.   Filed March 10, 1897.]

147 215
148 530

147 215
153 566

147 215
160 258

147 215
165 152

147 215
171 443

EMBEZZLEMENT.—*Sufficiency of Affidavit and Information.*—An affidavit and information charging that defendant, being an attorney, converted to his own use the proceeds of certain certificates of deposit given him by his client to be cashed and applied on a certain judgment, charges the crime of embezzlement within section 2022, Burns' R. S. 1894, under which it is not necessary to allege or prove a demand. *pp. 216–218.*

ATTORNEY.—*Duty as to Handling of Client's Money.*—An attorney, who receives money or certificates of deposit from his client for the purpose of paying an obligation against such client, has no right to mix the money with his own or that of any other person. *p. 218.*

EMBEZZLEMENT.—*Sufficiency of Affidavit and Information.*—In an affidavit and information charging an attorney with embezzling the proceeds of certain certificates of deposit belonging to his client, an allegation that he was the attorney and employe of the prosecuting witness when he took possession of the certificates by virtue of said employment, and that he then and there unlawfully, feloniously, and fraudulently appropriated the same, sufficiently charges that he was in the employ of the prosecuting witness at the time. *pp, 218, 219.*

SAME.—*Good and Bad Count in Same Indictment.*—*General Verdict.* —Where an indictment contains one good and one bad count charging embezzlement, and a general verdict of guilty is returned, a valid judgment can be entered on the verdict, which, on appeal, will be presumed to have been entered on the good count. *p. 219.*

APPEAL AND ERROR.—*Bill of Exceptions.*—*Longhand Manuscript of Evidence.*—The record must affirmatively show that the longhand copy of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions. *p. 219.*

EMBEZZLEMENT.—*Instructions.*—In a prosecution for embezzlement it is not error for the court to instruct the jury upon what section of the law the information is based. *p. 220.*

SAME.—*Jurors as Judges of the Law.*—Under the constitution the jurors in a criminal case are the exclusive judges of the facts, and have the right to determine the law; but under their oaths they are required to determine the law correctly. *p. 221.*

SAME.—*Prosecution For, Not Barred by a Tender Back of Property Embezzled.*—A tender back of the money or property embezzled, either before or after the filing of the affidavit and information charging the offense, will not bar a prosecution for the offense. *p. 222.*

. APPEAL AND ERROR.—*Instructions.*—*Evidence Not in Record.*—When the evidence is not in the record, a judgment will not be reversed on account of instructions given, if such instructions would have been correct under any evidence which could have been introduced under the issues in the case. *p. 223.*

SAME.—*Requested Instructions.*—*Evidence Not in the Record.*—*Presumption.*—Where the evidence is not in the record, it will be presumed that requested instructions were properly refused for the reason that they were not applicable to the case made by the evidence. *p. 223.*

From the Madison Circuit Court. *Affirmed.*

*W. A. Kittinger, E. D. Reardon* and *A. J. Behymer,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, B. R. Call* and *D. W. Scanlan,* for State.

MONKS, J.—This was a prosecution by affidavit and information. The first and second counts of the information charged the crime of embezzlement and the third count the crime of grand larceny. A motion to quash each count was overruled. A trial by jury resulted in a verdict of guilty of embezzlement, and over a motion for a new trial, judgment was rendered against appellant.

The errors assigned call in question the action of the court in overruling the motion to quash the first and second counts of the information, and in overruling the motion for a new trial.

Appellant insists that the first and second counts of the information are based upon section 2023, Burns' R. S. 1894 (1945, R. S. 1881), and that both counts are bad for the reason that it is not alleged that appellant failed to pay over the money upon reasonable demand.

The first count in the information charges that appellant, being then and there the attorney and employe of Adaline Newton, for the converting of certain certificates of deposit into cash and transmitting a

certain part thereof to the clerk of the Randolph Circuit Court, of the State of Indiana, to be applied upon a certain judgment of said court, and for the further purpose of looking after her, said Newton's, rights in relation thereto, said certificates and the proceeds thereof belonging to the said Adaline Newton, did then and there and thereby, and by virtue of such employment, take into his possession from the proceeds of said certificate, and while employed as aforesaid, a large sum of money, to-wit, the sum of one hundred dollars, the lawful and current money of the United States of America, said money being received for the purpose aforesaid, to the possession and ownership of which the said Adaline Newton was then and there lawfully entitled, but that said appellant did then and there unlawfully, feloniously and fraudulently take, purloin and appropriate to his own use the money aforesaid.

The second count is the same, except it charges the embezzlement of three certificates of deposit of the value of $105.00.

It is manifest that these counts of the information are not based upon said section, as insisted by appellant, but upon section 2022, Burns' R. S. 1894 (1944, R. S. 1881), under which section it was not necessary to allege or prove a demand.

Under said section, it is the taking, purloining, secreting, or otherwise appropriating the kind of property named, by any of the persons named that constitutes the crime; while under section 2023 (1945), *supra*, it is the fraudulent refusal by any of the persons named therein to pay over or deliver on reasonable demand that constitutes the crime.

In *State* v. *Sarlls*, 135 Ind. 195, at p. 198, this court said: "Section 1945, *supra*, by its terms, clearly aims at that class of persons or collectors who, as a pro-

fession for fee or percentage, collect generally for the public. It recognizes their right to mix the money thus collected with their own or other funds by making a demand necessary before the crime is complete; and in charging an offense under this section, the fact of demand must be averred in the indictment. This section means, just what it says, and is capable of no other construction."

Section 2022 (1944), *supra,* however, aims at a different class. Attorneys, clerks, employes, having the right to the possession of their employer's money or property only for the purpose of payment to some particular person for a certain purpose, or depositing it in a certain and designated place, or performing some other specific duty with reference thereto. *State* v. *Sarlls, supra.*

Under the allegations of the first and second counts of the information, appellant had no right to mix the money with his own, or with that of any other person; but his duty was to transmit the same to the clerk of the Randolph Circuit Court, without delay.

An attorney receiving money, or certificates of deposit, under the circumstances alleged, has no more right to mix the money with his own than he would have if he were not an attorney.

It is urged that said counts are not good under section 2022 (1944), *supra,* for the reason that it is not alleged that appellant was in the employment of Adaline Newton at the time of the alleged appropriation of her property. It is alleged that he was her attorney and employe when he took possession of the money and certificates of deposit, by virtue of said employment, and that he then and there unlawfully, feloniously and fraudulently took, purloined, secreted and appropriated the same to his own use. It clearly appears, we think, from the allegations in each count of

the information, that appellant was in the employ-
ment of Adaline Newton at the time of the alleged em-
bezzlement. It was not necessary to specifically al-
lege that appellant had not transmitted the money to
the clerk of the Randolph Circuit Court, or that he
did not look after the rights of his employer.

The offense of embezzlement was charged in each
of said counts substantially in the language of the
statute, and the same were therefore sufficient. *Ritter*
v. *State,* 111 Ind. 324, 326; *Trout* v. *State,* 111 Ind. 499,
502; *State* v. *Beach, ante,* 74.

The court did not err in overruling the motion to
quash. *State* v. *Sarlls, supra.*

It is not the law, as insisted by appellant, that if
either the first or second count of the information is
bad, that there should be a reversal. The rule is, that
if there is a good and bad count charging embezzle-
ment, and a general verdict of guilty of that crime, a
valid judgment can be entered on the verdict which
will be presumed in this court to have been entered
upon the good count. *Powers* v. *State,* 87 Ind. 97.

One of the causes assigned for a new trial is, that
the verdict is not sustained by the evidence. The cor-
rectness of this assignment depends upon the evi-
dence, which is not in the record, and without which
we cannot consider said cause for a new trial.

The evidence was taken down by a shorthand re-
porter, and it is sought to make the longhand manu-
script of the evidence a part of the record, under sec-
tion 1, of an act approved March 7, 1873. Acts 1873,
p. 194. The record shows the bill of exceptions was
signed by the trial judge June 19, 1896, and that the
longhand copy of the evidence was filed in the clerk's
office August 19, 1896, which was sixty days after the
judge signed the bill. It is settled law in this State
that the longhand copy of the evidence must be filed

in the clerk's office before the bill of exceptions containing the same is signed by the judge, and this fact must be affirmatively shown by the record. *Rogers* v. *Eich*, 146 Ind. 235, and cases cited.

It is assigned as a cause for a new trial that the court erred in each of the instructions given to the jury of its own motion, and also erred in refusing to give each instruction requested by appellant.

The second instruction given by the court is a copy of section 2023 (1945), *supra*. The court in instruction five, informed the jury that no conviction could be had under said section for the reason that no demand was alleged in the first and second counts of the information.

The court was not required to read section 2023 (1945), *supra*, to the jury, for the reason that neither count of the information was based thereon, but having done so, there was no error in informing the jury that appellant could not be convicted under said section.

It was proper for the court to inform the jury upon what section the information was based, and the court was not required to read to the jury all the sections of the statute concerning embezzlement, and then submit to them the question as to which section the prosecution was based upon. The court could no more be required to do this than to admit all evidence offered, and then submit all questions of the competency of witnesses and admissibility of evidence to the jury for their determination.

It was said by this court, in *Anderson* v. *State*, 104 Ind. 467, on p. 477: "This provision evidently means that the jury have the right to determine all questions of law applicable to such matters as they are required to consider in making up their verdict, but can not be rightfully construed to mean that the jury are

the sole judges of the law in every respect in a criminal cause. The court judges of the sufficiency of an indictment under the law. It decides all questions of law arising upon the admissibility of evidence, and has the power to grant a new trial when the jury have erroneously determined the law injuriously to the defendant."

It is the duty of the trial judge to instruct the jury as to the law of the case, and not by his instructions to submit to them different legal propositions and inform them that they are to determine which are applicable to the case on trial. The jury, it is true, under our constitution, are the exclusive judges of the facts, and have also the right to determine the law, but this does not give them the right to disregard the law. Under their oaths they are required to determine the law correctly. *Anderson* v. *State, supra,* pp. 477, 478; *Blaker* v. *State,* 130 Ind. 203; *Walker* v. *State,* 136 Ind. 663, 670, 671; *Reynolds* v. *State, ante,* 3; *Smith* v. *State,* 142 Ind. 288.

In *Blaker* v. *State, supra,* p. 205, this court said: "They [the jury] have no more right in determining the law to disregard and ignore the court's instructions arbitrarily and without cause than to disregard and ignore the evidence, and determine the facts arbitrarily and without cause."

In instruction six the court informed the jury, that by the wording of section 2022 (1944), *supra,* a demand was not made necessary. This was not error. Said section does not require a demand. It is not necessary to allege or prove a demand in a prosecution for embezzlement under said section. *State* v. *Sarlls, supra.*

The seventh instruction given by the court is as follows: "Where an attorney receives money, by collecting it for a client, he cannot be held for embezzlement or convicted thereof, unless a demand has first

been made upon him for the same by the person au-
thorized to receive it. But where money, or drafts, or
certificates of deposit are placed in the hands of an
attorney or agent, to be by him forwarded or paid to
another party, and he receives the drafts, money or
certificates for such purpose, and feloniously and un-
lawfully secretes, appropriates, purloins and converts
the same to his own use, then, in that event, he would
be guilty of embezzlement, whether any demand was
first made or not."

This instruction correctly declares the law. Under
the facts stated in the first clause of the instruction
the case would come under section 2023 (1945), *supra*,
which requires a demand, while under the facts stated
in the remainder of said instruction the case would
come under section 2022 (1944), *supra*, which requires
no demand.

The ninth instruction was harmless, for the reason
that no demand was necessary.

By the tenth instruction the court informed the jury
that if they had a reasonable doubt as to whether ap-
pellant tendered Mrs. Newton the money or property
back before the filing of the affidavit and information,
that they could not convict him of embezzlement. And
that a tender after the commencement of the action
would be no defense. Appellant has no just ground to
complain of this instruction. The error, if any, com-
mitted, was in his favor. If appellant had committed
the offense of embezzlement charged, he could not,
after the offense was committed, avoid the crime com-
mitted or bar a prosecution therefor by a tender back
of the money or porperty embezzled, even though such
tender was made before the filing of the affidavit and
information charging the offense. Neither would a
tender after the commencement of the prosecution
have such effect. As was said in *Meadowcroft* v. *People*,

163 Ill. 56, 45 N. E. 991: "It needs no citation of authorities to show that, as a matter of law, the restitution of money that has been either stolen or embezzled, or a tender or offer to return the same or its equivalent to the party from whom it was stolen or embezzled, does not bar a prosecution by indictment and conviction for such larceny or embezzlement."

It is not within the power of any one who commits a crime, by restitution, payment or otherwise, before or after the commencement of the prosecution, to take away the right of the State to insist upon a conviction for the crime committed. *Robson* v. *State*, 83 Ga. 166, 9 S. E. 610; *Fleener* v. *State*, 58 Ark. 98, 23 S. W. 1; *State* v. *Pratt*, 98 Mo. 482, 11 S. W. 977; *People* v. *DeLay*, 80 Cal. 52, 22 Pac. 90; *State* v. *Tull*, 119 Mo. 421, 24 S. W. 1010; *Commonwealth* v. *Tenney*, 97 Mass. 50; *State* v. *Leicham*, 41 Wis. 565.

Besides, it must be remembered that when the evidence is not in the record, the rule is that a judgment will not be reversed on account of instructions given, if such instructions would have been correct under any evidence which could have been introduced under the issues in the case. *Wenning* v. *Teeple*, 144 Ind. 189; *Rapp* v. *Kester*, 125 Ind. 79.

So far as the instructions asked by appellant are concerned, it is settled law in this State that where, as in this case, the evidence is not in the record, it will be presumed that such instructions were properly refused for the reason that they were not applicable to the case made by the evidence. *Powers* v. *State*, 87 Ind. 144, 155; *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245, 249; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88, 95.

Moreover, it is clear, from what we have said concerning the instructions given, as well as in regard to the sufficiency of the information, that many of the

instructions asked would not have been proper under any evidence that could have been given under the issues in the cause.

Finding no error in the record, the judgment is affirmed.