## STATE OF INDIANA *v.* NUGENT.

[No. 22,599. Filed October 8, 1914.]

1. EMBEZZLEMENT.—*Indictment.*—*Necessity of Demand.*—In an indictment under §2285 Burns 1914, Acts 1905 p. 584, §392, for the embezzlement of a bank check, it is not necessary to aver a demand. p. 202.

2. EMBEZZLEMENT.—*Bank Check.*—*Sufficiency of Indictment.*—An indictment for the embezzlement of a bank check is not insufficient, though fairly subject to the inference that defendant held the check without ever putting it in circulation, presenting it for payment, or receiving anything of value for it, since the averment of a fraudulent conversion is sufficient, and any profit to defendant from the transaction need not be shown. p. 202.

3. EMBEZZLEMENT.—*Indictment.*—*Conversion.*—The essential element of conversion is not the acquisition of property by the tortfeasor, but a wrongful deprivation of it to the owner; hence, while a fraudulent conversion, either actual or constructive, must be averred in an indictment for the embezzlement of a bank check, it is not necessary to aver that the check was cashed or put in circulation by defendant. p. 202.

4. EMBEZZLEMENT. — *Indictment.* — *Sufficiency.* — An indictment charging an agent or employe with the embezzlement of a check from his employer, under §2285 Burns 1914, Acts 1905 p. 584, §392, need not aver the terms of the contract of employment. p. 203.

5. EMBEZZLEMENT. — *Indictment.*—*Embezzlement from Employer.* —*Necessary Averments.*—An essential element of embezzlement as defined by §2285 Burns 1914, Acts 1905 p. 584, §392, is the employer's right of possession of the thing embezzled, so that counts of an indictment for the embezzlement of a bank check by an employe were insufficient for failure to aver the employer's right to the possession thereof. p. 203.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Prosecution by the State of Indiana against Thomas Nu-

gent. From a judgment quashing the indictment, the State appeals. *Reversed.*

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

*Gardiner, Tharp & Gardiner, Hastings, Allen & Hastings, Alvin Padgett, Mattingly & Myers, Edgar T. Laughlin* and *Thomas M. Sears,* for appellee.

MORRIS, J.—Appellee was indicted in October, 1913, under §2285 Burns 1914, Acts 1905 p. 584, §392, for the alleged embezzlement of a bank check. The indictment contains four counts. The trial court sustained appellee's motion to quash each one, and this ruling is here assigned as error.

Aside from uncontroverted matters, the first count avers that appellee "on the 14th day of November, 1911, at and in the county of Daviess and State of Indiana, was then and there the agent of Reuben W. Stepp of Daviess County, Indiana, and having then and there by virtue of his said employment as the agent of the said Reuben W. Stepp the control and possession of one bank check executed by one James Mahoney in the sum of seventy-five dollars, dated on or about the 10th day of November, 1911, drawn on the Central National Bank of Greencastle, Indiana, payable to the order of the said Reuben W. Stepp, in the name and style of 'Reuben W. Stepp' * * * and endorsed on the back thereof by the said Reuben W. Stepp in the name and style of 'Reuben W. Stepp' * * * and which said bank check was then and there the property of the said Reuben W. Stepp and of the value of seventy-five dollars, to the possession and ownership of which said bank check said Reuben W. Stepp was then and there lawfully entitled, did then and there unlawfully, fraudulently and feloniously, embezzle, purloin, secrete and appropriate to his own use said bank check; that a more particular and accurate description of said bank check cannot be given for the reason that the said bank check is in the possession of the defendant

Thomas Nugent, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.''

The Attorney-General contends that the averments of this count are sufficient to repel the motion to quash, which was grounded on the alleged insufficiency of the facts

1. stated to constitute a public offense, and the alleged uncertainty of the averments. §2065 Burns 1914, Acts 1905 p. 584, §194. The statute under which the indictment was drawn, provides that ''Every * * * agent, * * * or employe of any person, * * * who, having * * * possession of any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way whatever appropriate to his own use, or to the use of others, * * * any money, coin, bills, notes, credits, choses in action or other property or article of value belonging to or deposited with or held by such person, * * * in whose employment such * * * agent * * * or employee may be, shall be deemed guilty of embezzlement'', etc. Counsel for appellee seek to sustain the ruling of the trial court because no demand is averred. There is no necessity for such allegation, where the indictment is under §2285 Burns 1914, *supra. Dean* v. *State* (1897), 147 Ind. 215, 46 N. E. 528; 15 Cyc. 495. It is

2. contended that it is fairly inferable from the averments of the indictment that the check came into appellee's possession in November, 1911, and that he still held it when indicted without ever having put it in circulation, presented it for payment or received anything of value for it. It is not essential to a charge of embezzlement that the defendant shall have derived any profit from the alleged transaction.

A fraudulent conversion, actual or constructive, must

3. be averred. *State* v. *Winstandley* (1900), 155 Ind. 290, 58 N. E. 71. The essential element of conversion is not the acquisition of property by the tortfeasor, but a

wrongful deprivation of it to the owner. 38 Cyc. 2006. The first count of the indictment is not rendered insufficient by a failure to aver that the check was cashed or put in circulation. *Roberts* v. *State* (1914), 181 Ind. 520, 104 N. E. 970.

It is insisted that the count is insufficient because it fails to set forth the nature, purpose or object of the alleged agency or the facts constituting the relationship of

4. trust or confidence. The indictment alleges that appellee was Stepp's agent and employe, and that by virtue of such employment he got possession of the check. It is not necessary to set out the terms of the contract of employment, and the count is sufficient, as against the objections urged, to repel the motion to quash. *Frost* v. *State* (1912), 178 Ind. 305, 99 N. E. 419; *Dean* v. *State, supra; Ritter* v. *State* (1887), 111 Ind. 324, 12 N. E. 501; *State* v. *Sarlls* (1893), 135 Ind. 195, 34 N. E. 1129; *State* v. *Beach* (1897), 147 Ind. 74, 46 N. E. 145, 36 L. R. A. 179; 15 Cyc. 511, 521.

Neither the second, third nor fourth count avers that the employer of appellee was entitled to the possession of the check alleged to have been embezzled. This

5. omission renders each of said counts insufficient on motion to quash. An essential element of the crime of embezzlement, as defined by §2285 Burns 1914, *supra,* is the employer's right of possession of the thing embezzled. There was no error in sustaining the motion to quash the second, third and fourth counts, but for the error in quashing the first count the judgment is reversed with instructions to overrule appellee's motion to quash the same.

NOTE.—Reported in 106 N. E. 361. On the question of checks as subject of embezzlement, see 42 L. R. A. (N. S.) 498. As to the necessity of an allegation of a demand and refusal to pay in an indictment for embezzlement, see 15 Ann. Cas. 575, Ann. Cas. 1914 D 1318. As to the sufficiency .of an indictment for embezzlement with respect to allegations of fiduciary relation, see Ann. Cas. 1912 C 903. As to what constitutes embezzlement and who may be said to have committed it, see 87 Am. St. 19. See, also, under (1, 2, 3) 15 Cyc. 521; (4) 15 Cyc. 520; (5) 15 Cyc. 520, 517.