LaPlante et al. *v.* City of Vincennes.

[No. 14,973. Filed February 18, 1935. Rehearing denied April 19, 1935.]

*Kessinger, Hill & Arterburn,* and *Charles H. Bedwell,* for appellants.

*Gilbert M. Alsop, Joseph W. Kimmell,* and *Curtis G. Shake,* for appellee.

DUDINE, P. J.—Appellants were owners of Barrett Law bonds issued by appellee city of Vincennes. Each of the bonds were defaulted at maturity, but the principal and interest to maturity of each of the bonds were paid at various dates after maturity. The bonds were delivered to the city by appellants. Appellants demanded interest from date of maturity until date of such payments, but appellee refused to pay such interest after maturity, and refused to surrender the bonds to appellants.

Appellants instituted this action to recover interest on said bonds from date of maturity to date of payment of each of said bonds respectively. The complaint was in three paragraphs.

The first paragraph of complaint was based on the alleged facts that there was insufficient money in the respective funds to pay said interest, and that appellee city failed and refused to levy an annual tax of one cent upon each $100.00 of taxable property within said

city for the purpose of maintaining an "Improvement Sinking Fund" to be used for such emergencies.

The second paragraph of complaint proceeded upon a theory of conversion of the bonds based upon the alleged fact that the city refused to surrender the bonds to appellants.

The third paragraph of complaint proceeded upon the alleged facts that at the date of maturity of the respective bonds and at the time the suit was filed there was sufficient money in the respective funds to pay such interest.

Appellee city filed an answer in two paragraphs, a general denial, and a plea of payment. Appellants filed a reply of general denial to the plea of payment.

The cause was submitted to the court for trial without the intervention of a jury. The court found for appellee and rendered judgment accordingly.

Appellants duly filed a motion for new trial which was overruled, whereupon this appeal was perfected, the sole error assigned being the overruling of said motion for new trial.

The causes for new trial asigned in the motion therefor and discussed in appellants' brief are that the decision is not sustained by sufficient evidence, and is contrary to law.

The facts heretofore set forth in this opinion were stipulated by the parties. It was further stipulated that the city of Vincennes had made no one cent levy to create an "Improvement Sinking Fund."

Appellants contend that Sec. 10453, Burns 1926, §48-2720, Burns 1933, §11668-1, Baldwin's 1934, required appellee to make such levy. That section provides as follows:

"Where deficits in improvement funds have arisen by operation of law *on account of prepay-*

*ments of assessments or because the valid assessments made for the improvements are insufficient, whereby* current payments cannot be wholly applied at once to the liquidation of outstanding bonds, the acts of treasurers and other officials, in paying improvement bonds and coupons, out of the assessments derived from property not covered by such bonds and coupons, are hereby legalized. . . . In order to reimburse the various funds *impaired as aforesaid* to an amount sufficient to meet the requirements of the public improvement laws of this state, viz., that payments of instalments of principal and interest shall be sufficient to enable the treasurer to pay such bonds and coupons as they respectively fall due, every city *where deficits have arisen as aforesaid,* unless such deficits are made up by appropriation, shall create a special city fund to be known and designated as an "improvement sinking fund."
(Our italics.)

It should be noted that the statute does not provide that such improvement sinking funds shall be created *whenever* there is a deficit in the improvement funds, but that it provides that such improvement sinking fund shall be created "where deficits have arisen *as aforesaid.*" (Our italics.) The only ways in which deficits might arise, which ways were theretofore referred to in said section, which is Section 1, Acts of 1913, p. 350, or in the Act itself, which ways were "aforesaid," within the meaning of said phrase in said section, were deficits in improvement funds which arise on account of prepayments of assessments or because the valid assessments made for the improvements are insufficient.

The deficits arising in the improvement fund on account of prepayment of assessments, referred to in said section are deficits which arise because some of the holders of property subject to assessment for Barrett Law improvements, who have signed a waiver and agreed to pay the assessment in instalments, have paid

up their entire assessment and stopped the interest thereon under authority of section 10450, Burns 1926, §48-2717, Burns 1933, §11667, Baldwin's 1934. (See amendments Acts 1929 p. 40, Acts 1933 p. 1020.)

Deficits in improvement funds arising because the holders of property subject to assessment for Barrett Law improvements, who had signed a "waiver," and agreed to pay their assessments in instalments,—*had failed to pay their instalments,* did not arise "as aforesaid" within the meaning of said section.

Appellants did not attempt to show that deficits in the improvement fund had arisen on account of the prepayment of assessments, or because the assessments made for the improvements were insufficient, hence the provision in the statute, for an improvement sinking fund levy does not apply in this case.

In *First National Bank* v. *Ransford* (1914), 55 Ind. App. 663, 666, 104 N. E. 604, this court said, "The essence of every conversion is the wrongful invasion of the right to, and absolute dominion over, property owned, or controlled, by the person deprived thereof, or of its use or benefit. . . ." (Followed in *C. I. & L. Rwy. C.* v. *Pope* (1934), 99 Ind. App. 280, 188 N. E. 594.)

The city having paid the principal of the bonds and the amounts called for on the face of the interest coupons, and the bonds and coupons having been delivered to appellee by appellants, it certainly can not be said as a matter of law that the retention thereof by appellee was *wrongful,* hence it can not be held by us that appellee was guilty of conversion of said bonds.

Sec. 10442, Burns 1926, §48-2704, Burns 1933, §11661, Baldwin's 1934, which was in effect when these improvements were contracted for, provides in part as follows: ". . . Such city shall be liable to the

contractor for the contract price of such improvement, to the extent of the moneys actually received by such city from the assessments for such improvements. . . ." It is conceded by appellants that although the city was not primarily liable for payment of said bonds, it was and is primarily liable to holders of such bonds, for moneys received by it in payment of Barrett Law Assessments, in anticipation of which such bonds were issued by the city.

Appellants contend the evidence shows that the city had received and at the time the suit was filed, was holding sufficient money in some of the improvement funds with which to pay said interest after maturity, on appellants' bonds. There was evidence introduced which tends to show that, but the evidence does not show that there was sufficient money in the respective improvement funds, which were created for the purpose of paying the respective bonds which appellants presented for payment, available for the payment of interest after maturity on said respective bonds.

The evidence does not conclusively show that the city has failed to pay out any money received by it as payments on Barrett Law Assessments, when matured Barrett Law Bonds or interest coupons issued on the respective improvements were presented for payment. The evidence does show that the city did not fail in that respect.

The evidence is sufficient to sustain the decision. No reversible error have been shown, the judgment is affirmed.