FAGAN v. BABACZ ET AL.

[No. 15,148. Filed April 21, 1936. Rehearing denied July 2, 1936. Transfer denied October 2, 1936.]

*Hoy D. Davis, John G. Yeagley* and *J. Walter Yeagley,* for appellant.

*Orie Parker, John L. Herman* and *Jozef Babacz,* for appellees.

KIME, P. J.—Appellee Babacz borrowed from appellee bank $2,000.00 on December 16, 1927, and as evidence of said indebtedness executed to said bank an interest-bearing note in said sum due three years after date and deposited with said bank, as collateral security for the payment thereof, a certain purchase money mortgage belonging to him and executed by appellees, Bert and Cecelia Dobrzykowski, securing the payment of the principal sum of $8,000.00 and interest on certain real estate in St. Joseph County, Indiana. Said deposit agreement described the foregoing mortgage and then said: "The market value of which is now $8,000.00 with the right to call for additional security should the same decline; and *I hereby give* to said Peoples State Bank, or its assigns, *authority to sell said collateral security,* or such security as may be given in exchange for said collateral, *or any part or portion thereof,* at *the option of* said Peoples State Bank, or *its assigns,* on the nonpayment of the above note at maturity, or *at any time* thereafter, or before maturity of said note in the event of said securities depreciating in value in its opinion, *at public or private* sale, and *without advertising the same, or otherwise giving to me any notice;* and to apply the proceeds of said collateral security to the payment of said note, and all interest due thereon, together with all expenses attending the sale; and accounting to me for the surplus. And it is hereby agreed and understood that *any excess of collateral upon said note shall be applicable to any other note or claim held by said Peoples State Bank against me* . . . All provi-

sions of this instrument shall inure to the benefit of the holder or assigns thereof." (Our italics.)

Thereafter on March 1, 1928, the appellee Babacz borrowed from appellee bank an additional $1,000.00 and executed, as evidence of said indebtedness an interest-bearing note due two years after date.

It developed that in these transactions the bank was acting as agent for appellant, to whom it later assigned the notes and collateral above described, however, the assignment to appellant of the said collateral was never placed of record.

On July 13, 1931, both of said notes were past due and unpaid and appellant Fagan sold said notes and the collateral above described for $3,500.00 at private sale without advertising or notice and received therefor a mortgage on some real estate belonging to George Dobrzykowski who was the father and father-in-law respectively of Bert and Cecelia Dobrzykowski, the mortgagors in the $8,000.00 mortgage above mentioned. The real estate described in said $8,000.00 mortgage was then conveyed to Walter and Leo Dobrzykowski, sons of George, free of the lien of the said mortgage, which the record discloses was released of record by appellee bank.

The issues necessary to be noticed for a decision here are formed by the plaintiff's two paragraphs of amended complaint for conversion, to which answers in general denial were filed by all of the other parties and an affirmative paragraph of answer by Fagan alleging that the additional $1,000.00 note was secured by the same collateral. Trial was had and the court found for said Babacz and entered judgment that he recover of and from the defendant Fagan the sum of $3,885.00 and costs. The court also found that plaintiff take nothing as to the other appellees with judgment accordingly.

A motion of defendant Peter Fagan for a new trial,

containing sixteen grounds, was overruled and this appeal followed. The only error properly assigned is that the court erred in overruling the above motion.

For the purpose of a decision here the only question necessary to be determined is whether or not appellant converted the $8,000.00 collateral heretofore mentioned.

Under the collateral assignment appellant was, among other things, given the "authority to sell said collateral security . . . on the non-payment of the above note at maturity of said note or at any time thereafter . . . *in the event of said securities depreciating in value in its opinion at public or private sale, and without advertising the same or otherwise giving to me* (Babacz) *any notice,* and to apply the proceeds of said collateral security to the payment of said note, and all interest thereon, together with all expenses attending said sale; and accounting to me for the surplus. . . ." Appellee Babacz admits in his brief that there was due on said notes herein $3,805.00. Appellant exercised the right given him by the collateral assignment and sold the collateral at private sale, without advertising or notice, for $3,500.00, sustaining an actual loss to him of $305.00, which loss he was forced to accept because the collateral had so depreciated in value.

A necessary element of conversion is not the acquisition of the property by the wrongdoer, but a deprivation of it to the owner. *State* v. *Nugent* (1914), 182 Ind. 200, 106 N. E. 361. "The essence of every conversion is the wrongful invasion of the right to, and absolute dominion over, property owned, or controlled, by the person deprived thereof, or of its use and benefit." *First Nat'l Bank* v. *Ransford* (1914), 55 Ind. App. 663, 666, 104 N. E. 604.

Appellant did not deprive Babacz of the control, use and benefit of any property to which Babacz was entitled. Under the collateral assignment Babacz parted

with all control, use and benefit of the collateral until such time when he paid off the notes in accordance with such assignment. Appellant sold the collateral under such conditions as were provided by the collateral assignment, which instrument was not repugnant to the laws of this state nor against public policy. The proceeds derived from such sale were applied, as directed in the collateral agreement, in partial liquidation of the notes secured thereby. Appellant was only responsible and bound to pay over and account to Babacz for the surplus. Since there was no surplus there was no need for accounting nor could there be conversion. We must, therefore, hold that as a matter of law there was no conversion as to the $8,000.00 mortgage which was deposited as collateral herein.

Appellee Babacz contends that appellant stated to said appellee on January 16, 1931, at a time when appellant was trying to get Babacz to pay the notes that he would give Babacz six months to pay the notes and in the event they were not paid within that time appellant would sell the notes and collateral to anyone who would pay him $3,500.00; but notwithstanding such statement the notes and collateral were sold on July 13, 1931, three days before the expiration of the six months and that therefore appellant breached the alleged extension and converted the collateral. The record does not disclose any consideration for the alleged extension nor that there was a change of position as to either party as a result of such statement, thus our holding must be that Babacz's contention is without merit.

The judgment of the St. Joseph Superior Court being contrary to law, it is reversed with instructions to sustain appellant's motion for a new trial.

Curtis, C. J., not participating.