THE STEEL CONSTRUCTION COMPANY *v.* ROSSVILLE
ALCOHOL AND CHEMICAL COMPANY.

[No. 15,654. Filed February 16, 1938. Rehearing denied May 10,
1938. Transfer denied (with opinion) September 28, 1938.]

*Donald W. Strickland, Charles A. Lowe* and *Robert A.
Ritzmann,* for appellant.

*E. G. Bielby, Slaymaker, Merrell & Locke, J. L. Kohl,
Harmon, Colston, Goldsmith & Hoadly,* for appellee.

DUDINE, P. J.—This was an action for conversion of

tools and machinery instituted by appellant against appellee.

The complaint was an ordinary form of complaint for conversion. Appellee filed an answer in general denial. The cause was submitted to the court for trial without a jury. The court found for appellee (defendant below) and rendered judgment accordingly.

There is but one error assigned upon appeal and that is claimed error in overruling appellant's motion for new trial. The causes for new trial presented are that the decision is not sustained by sufficient evidence and that the decision is contrary to law.

The evidence shows that appellant was engaged in erecting large steel tanks on appellee's premises pursuant to a contract with appellee; that appellant had brought some tools and machinery to said premises for use in said construction work. While said work was in progress a fire occurred which destroyed the partially completed tanks, the property adjacent thereto and the buildings which housed said tanks. Said tools and machinery were on, in and about said premises, buildings and tanks when said fire occurred and they "went through the fire."

After the fire appellee contracted with the Bishop Wrecking Company, a corporation, to raze the parts of said buildings and tanks which remained standing and to remove all the debris. The contract provided that all the salvage from the debris (except certain steel plates and eye beams) was to be the property of said wrecking company. The debris, including what was left of said tools and machinery which went through the fire, was removed by the wrecking company.

Appellant contends that the evidence shows that appellee stopped its (appellant's) agents from and refused them permission to enter upon the premises to salvage the tools and machinery; and appellant contends

further than such acts of dominion over the property amounted to conversion.

There is evidence in the record which shows that appellee, in effect, instructed appellant's agents to refrain from salvaging said tools and machinery only for a reasonable time, until insurance appraisers could view the premises; that appellee did not deny appellant's claim to and ownership of said tools and machinery, but asked appellant's agents to so refrain, not merely to safeguard appellee's rights under a certain fire insurance policy to recover for loss of its (appellee's) property but also to safeguard rights, which appellee claimed under said policy, to recover for losses suffered by appellant in said fire. That evidence is sufficient to sustain a finding which we may presume the court made, that appellee did not *wrongfully* invade appellant's right to said tools and machinery and that appellee did not *wrongfully* invade appellant's absolute dominion over said property or of its use and benefits. "The essence of every conversion is the wrongful conversion of the right to, and absolute dominion over, property owned or controlled by the person deprived thereof or of its use and benefit." *First Nat'l. Bank of Rensselaer* v. *Ransford* (1914), 55 Ind. App. 663, 666, 104 N. E. 604. Followed in *Fagan* v. *Babacz* (1936), 102 Ind. App. 558, 1 N. E. (2d) 299. See also *LaPlante* v. *City of Vincennes* (1935), 100 Ind. App. 264, 194 N. E. 191; *C. I. & L. Rwy. Co.* v. *Pope* (1934), 99 Ind. App. 280, 188 N. E. 594.

Therefore said evidence is sufficient to sustain the decision of the court which was, in effect, that appellee was not guilty of conversion of said property.

Appellant contends further that when the appellee "sold" appellant's said property to the Bishop Wrecking Company such action constituted a conversion of the appellant's property.

Appellant does not show the evidence upon which it relies as a basis to establish the fact that appellee "sold" said property. Assuming however that appellant relies upon said contract for removing the debris, and upon acts connected therewith, we need not determine whether or not said transactions constituted a sale because, as we have previously indicated, the evidence is sufficient to sustain the decision that the transactions which took place did not constitute a conversion by appellee of said property.

No reversible error having been shown, the judgment of the trial court is affirmed.

## ON PETITION TO TRANSFER.

### (In the Supreme Court)

PER CURIAM—The appellant's petition to transfer does not comply with the statute, §4-215 Burns' Ann. St. 1933, (§1359 Baldwin's 1934), or Rule No. 24 of this court. It wholly fails to disclose that a petition for rehearing was filed or ruled upon by the Appellate Court, and it is seriously questioned whether it complies with the statute and rule in other respects. The petition therefore presents no question upon the merits of the Appellate Court opinion. It is therefore dismissed. *In re Aurora Gaslight, etc., Co.* (1917), 186 Ind. 690, 115 N. E. 673.