HUNTER *v.* THE STATE.

INFORMATION.—EVIDENCE.—On the trial of an information for burglary, the defendant offered to prove that certain words in the affidavit, on which the information was based, were inserted after the affidavit had been sworn to, and that the person making the affidavit was not re-sworn. *Held,* that this was not a question for the jury.

Hunter *v.* The State.

INFORMATION.—An information in the Common Pleas Court, for a felony, averred that the defendant was in the jail of the county on a charge of said felony, and had not been indicted by the grand jury.

*Held,* that the averment was sufficient to give the court jurisdiction.

BURGLARY.—Where, in an information for burglary, it is charged that the entering was with intent to commit a larceny, the kind or value of the goods intended to be stolen need not be averred.

APPEAL from the *Rush* Common Pleas.

GREGORY, J.—The affidavit on which the information was based charges that the defendant, on, &c., at, &c., " did then and there, in the night time, feloniously and burglariously break and enter into the ʼ storehouse of [*Harvey W. Carr*, used and occupied as a drug store by] *Edward D. Beher*, then and there situate, with intent the goods and chattels of the said *Edward D. Beher*, then and there being, then and there feloniously and burglariously to steal, take and carry away." The information follows the affidavit. To give the Common Pleas Court jurisdiction, it was averred in the information that the defendant was in the *Rush* county jail, on the charge of said felony, and had not been indicted by the grand jury. Plea, "not guilty." Trial by jury; verdict, guilty; motions for a new trial and in arrest overruled, and judgment.

On the trial, the appellant offered to prove to the jury that the words in brackets, in the affidavit, were interlined after the affidavit was sworn to, and that it was not re-sworn to after the amendment. The court ruled out the evidence offered, and the defendant excepted, and made this action of the court one of the reasons for his motion for a new trial. There was no error in ruling out the evidence. It was a matter with which the jury had nothing to do. The question before them was guilty or not guilty, as charged in the information. The same thing was relied on in the motion in arrest, but the affidavit showing the fact was not made a part of the record by a bill of exceptions, and is therefore not before us.

It is claimed that the information does not charge that

VOL. XXIX.—6

the defendant was in custody on a charge of the same felony. The charge that he was in the *Rush* county jail, is a charge that he was in custody. It is the kind of custody contemplated by law.

It is urged that the information is defective in not charging that the defendant had not been indicted by the grand jury of *Rush* county. The charge that he had not been indicted by the grand jury is sufficient.

It is objected to the information that the value of the goods and chattels intended to be stolen is not stated. The crime consists in the breaking and entering, in the night time, a mansion house, storehouse, manufactory, office, shop, out-house or boat, with intent to commit a felony. The crime is complete without the actual commission of the felony intended. It is not necessary to state the kind or value of the goods intended to be stolen.

The judgment is affirmed, with costs.

*J. R. Mitchell* and *B. Smith*, for appellant.

*D. E. Williamson*, Attorney General, for the State.