No. 17,178.

SIMS *v.* THE STATE.

CRIMINAL LAW.—*Burglary.*—*Indictment.*—*Sufficiency of.*—*Surplusage.*
  —Where an indictment for burglary, confessedly correct in every
  other particular, charged that the defendant did "take, steal and
  carry away the goods, chattels and property of" another, etc., the
  crime being sufficiently charged without the word "property," such
  word must be treated as surplusage, and the indictment thereby
  rendered sufficient.

SAME.—*Burglary.*—*Breaking, What Constitutes.*—In an action for burg-
  lary, where the evidence established the fact that the defendant
  entered the house through a window, by removing a screen which
  was fastened into the window with nails, which he took out, the
  evidence was sufficient to establish a breaking within the meaning
  of the statute.

From the Henry Circuit Court.

*J. M. Morris,* for appellant.

*A. G. Smith,* Attorney-General, and *F. T. Edenharter,*
for State.

McCABE, J.—The appellant was tried, convicted of
burglary, and sentenced to the State prison for four years,
in the court below, on the following indictment:

"The grand jurors of said State of Indiana, impaneled,
charged, and sworn in the Henry Circuit Court, to inquire
within and for the body of said county of Henry, upon
their oath, charge and present that George Sims, on
the 10th day of July, 1893, at said county and State,
did then and there unlawfully, feloniously, burglariously,
and forcibly, in the night time, break and enter the dwell-
ing house of Robert Overman, then and there situate,
with intent, then and there and thereby, feloniously,
burglariously, and forcibly to steal, take and carry away
the goods, chattels, and property of said Robert Overman,
therein contained, contrary to the form of the statute in

such cases made and provided, and against the peace and dignity of the State of Indiana.''

The first assignment of error calls in question the action of the trial court in overruling a motion to quash the indictment.

The only objection urged to the indictment is that it charges the intent to have been ''to steal, take and carry away the goods, chattels, and property of said Robert Overman;'' it is insisted that the word ''property'' includes both real estate, as well as ''goods and chattels,'' and that real estate is not subject to larceny; and hence, if the pleader meant real estate by the use of the word ''property,'' it charged an impossible intent. And it is contended that inasmuch as it is not certain which kind of property was intended to be stolen, the indictment is too uncertain as to the crime intended to be charged. It will be observed that it is the act and intent that constitute the offense. The act was breaking into the dwelling house; the intent is charged to have been to steal, take, and carry away the goods, chattels, and property of said Overman. 1 Burns' Revision of 1894, section 2002.

The statute provides that ''no indictment or information shall be deemed invalid, nor shall the same be set aside or quashed * * for any of the following defects: * * * For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and the person charged.'' Section 1825, Burns' Revision of 1894.

By leaving out the word ''property'' in the indictment it will leave a perfect indictment, and this section of the statute requires us, in such a case, to treat the word as surplusage, and forbids us to set aside or quash the same for such defect. *Trout* v. *State*, 111 Ind. 499; *State* v. *McDonald*, 106 Ind. 233; *Myers* v. *State*, 101 Ind. 379; *State* v. *White*, 129 Ind. 153.

There was no error in overruling the motion to quash. The only other error assigned is the action of the court in overruling appellant's motion for a new trial.

It is insisted that as the evidence shows that appellant broke nothing to get into the house, but simply removed a wire screen, it is insufficient to sustain the finding of guilty.＊ The evidence shows that the appellant entered the house through a window, by removing the screen which was fastened into the window with nails, which he took out. To constitute the offense the breaking may be either actual or constructive. Actual, where the offender—for the purpose of getting admission for any part of his body, or for a weapon or other instrument, in order to effect his felonious intention—breaks a hole in the wall of a house, breaks a door or window, picks the lock of a door, or opens it with a key, or even by lifting the latch, or unlooses any other fastenings to doors or windows, which the owner has provided. 2 Am. and Eng. Encyc. of Law, section 661, and authorities there cited.

The evidence was clearly sufficient to establish a breaking within the meaning of the statute. It reads as follows: "Whoever, in the night time, breaks and enters into any dwelling house, etc., * * * with intent to commit a felony," etc.

The evidence, it is claimed, is not sufficient to prove the felonious intent charged. We think the State's evidence amply sufficient to prove such intent, though it is to some extent contradicted by the testimony of the accused. It was the exclusive province of the jury to weigh and determine the weight of conflicting testimony. We have no power to do so. We can only reverse on the evidence where the evidence in support of the verdict is totally insufficient for that purpose. Therefore, there was no error in overruling the motion for a new trial.

We find no error in the record, and the judgment is, therefore, affirmed.

Filed Jan. 31, 1894.