THE STATE v. TULL, *Appellant.*

Division Two, January 31, 1894.

1. Criminal Practice: INSTRUCTION: HARMLESS ERROR.  An erro-
neous charge in a criminal case that the jury may assess the
punishment at from five to ten, instead of from two to seven years,
is rendered harmless where the court reduces the verdict to two
years.

2. ———: FORGERY: EVIDENCE: On the prosecution of one for forging his mother's name on a note as surety for himself, evidence of their relative property interests on the farm on which she lived is irrelevant.

3. ———: ,———. The fact that one whose name has been forged is willing to condone the offense and pay the obligation does not render it less a crime on the part of the forger.

*Appeal from Jackson Circuit Court.*—HON. J. W. WOF-FORD, Judge.

AFFIRMED.

*Boland & O' Grady* for appellant.

(1) The court erred in its direction to the jury as to the punishment to be inflicted if they found defendant guilty. *Watson v. People*, 25 N. E. Rep. 567; *Irvin v. State*, 8 S. W. Rep. (Tex.) 681. (2) The court erred in excluding the evidence offered by defendant as to the relative property interests of defendant and his mother.

*R. F. Walker*, Attorney General, and *Marcy K. Brown*, Prosecuting Attorney, for the state.

(1) The indictment charged the forgery of a promissory note; the evidence was as to such forgery, which is forgery in the third degree. R. S. 1889, sec. 3641. (2) The penalty affixed by the jury was five years, which might lawfully have been assessed under an accurate charge of the court. 2 Thompson on Trials, sec. 2189. (3) The judgment of the court reduced the penalty to two years, the minimum penalty which might lawfully have been assessed by the jury if they had been accurately charged—the court acting under Revised Statutes, 1889, section 4233. (4) The court committed no reversible error in the matter of giving or refusing instructions.

GANTT, P. J.—This is an appeal from Jackson county. Defendant was indicted in the criminal court for forgery in the third degree, and convicted.

The jury by their verdict assessed his punishment at five years in the penitentiary, but the court reduced it to two years, under section 4233, Revised Statutes, 1889, and sentenced him accordingly. The errors assigned in this court are three and will be determined in the order of appellant's brief.

I.   The indictment charged forgery in the third degree, the evidence tended to prove that degree and no other, and the instructions were for that degree, but by some oversight or inadvertence of the court and prosecuting counsel, the jury were instructed that if they found defendant guilty, they would assess "his punishment at imprisonment in the penitentiary for not less than five nor more than ten years."

The punishment for forgery in the third degree by section 3656, Revised Statutes, 1889, *is not less than two years and not exceeding seven years*. It is clear that as to the punishment the instruction was erroneous, but as the court subsequently reduced it to the minimum punishment prescribed by the law, ought the case to be reversed?

Affixing a punishment, either by the court or jury, is necessarily dependent upon a finding of guilty of the offense charged. Until that is done none can be inflicted. The instruction was correct as to all the essentials of forgery in the third degree. The jury found defendant guilty of that offense. The court had erroneously given them the privilege of assessing it from five to ten years, instead of two to seven. The jury placed it at five. The court reduced it to the lowest possible punishment, as soon as its attention was called to the error. How was defendant injured? Concede the jury would have

inflicted the minimum, that is all he is called upon to suffer. If the court had properly instructed, and the jury had exceeded the punishment allowed by law, the court could have reduced it. R. S. 1889, secs. 4230–4233.

Had the trial court not interfered and given defendant the benefit of the lowest punishment prescribed, we think it would have constituted error, as was held in *State v. Sands*, 77 Mo. 118; *State v. McNally*, 87 Mo. 658, and *People v. Watson*, 25 N. E. Rep. 567; but as he was found guilty of the offense with which he was charged, and by the judgment of the court was given the lowest punishment prescribed, he was not harmed by the error. It certainly cannot be maintained that the jury would find him guilty of an offense for which the minimum punishment was five years on less evidence than if the minimum penalty was two years. The error was not prejudicial. *State v. Wheeler*, 108 Mo. 664; *State v. Snyder*, 98 Mo. 555.

II. It is next insisted that the court erred in excluding evidence offered by defendant as to the relative property interests of defendant and his mother in the farm on which she resided.

The defendant was charged with forging his mother's name to a note as surety for himself. How the fact that his mother was only a life tenant and he entitled to one-half in fee, subject to her life estate, would tend to excuse him for forging her name and render it less a crime, is beyond our comprehension. The court clearly committed no error in declining to hear it.

III. There was no error in refusing the twelfth instruction prayed by defendant, inasmuch as the court modified it and gave it as so modified. As offered, it was not the law. The fact that one whose name had been forged may be willing to condone the offense and even pay the obligation, does not render it less a crime

in the forger.

The record presents a sad phase of life; that of a son charged with forging his mother's name, and convicted by the evidence of his mother and his daughter; but finding no error in the record, the judgment must be affirmed.   All concur.