### DAVIS *v.* THE STATE.

[No. 18,528.    Filed January 31, 1899.]

CRIMINAL LAW.—*Defense.—Special Pleas.*—Such matters of defense as might have been set up by special plea at common law may yet be presented in that manner in this State.    *p. 148.*

SAME.—*Defenses Which May be Specially Pleaded.*—Besides the special pleas to the jurisdiction of the court and in abatement, the only de-

fenses that may be specially pleaded are a former acquital, a former conviction, and insanity. *pp. 148, 149.*

CRIMINAL LAW.—*Evidence.*—*Record of the Trial and Conviction of Another Charged With Same Offense.*—The record of the trial and conviction of another person who was indicted and separately tried for the same offense is not admissible in evidence either to prove defendant's innocence or to establish the grade of the offense. *p. 149.*

SAME.—*Instruction.*—*Harmless Error.*—An instruction directing the jury to assess the punishment of defendant if they found him guilty, when under the law they could determine only the question of guilt or innocence, is harmless. *pp. 151, 152.*

From the Fountain Circuit Court. *Affirmed.*

*S. D. Puett, J. S. McFadden* and *C. M. McCabe,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *J. W. Bussey,* for State.

DOWLING, J.—Indictment for murder in the first degree, in the Parke Circuit Court. On the application of appellant the venue of the cause was changed to Fountain county, there was a trial by a jury, and appellant was found guilty of voluntary manslaughter. Motions to quash the indictment were overruled. Demurrers to the second, third, and fourth special pleas to the second count of the indictment were sustained. Motions for a new trial and to modify the judgment were overruled. These rulings are assigned for error.

Counsel for appellant having failed to point out any defect in the indictment, the objections to the decision of the court on the motions to quash are waived.

The first questions presented for examination here arise upon the action of the court in sustaining demurrers to the second, third, and fourth special pleas to the second count of the indictment.

The substance of each of these pleas is as follows: That on the 21st day of May, 1896, the defendant herein and one Barney Robards were quietly and peaceably walking along and upon a certain street and public highway in the town of

Judson, Parke county, Indiana, going to their homes, each carrying a shotgun the said Robards walking in front, and this defendant following a few feet behind him in the same path, neither pursuing any one nor fleeing from any one, when suddenly the said Robards was confronted by the said John Newkirk, with a drawn revolver in his hand, aimed directly at said Robards, and that said Robards immediately raised his gun, and fired off, and discharged the same into the body of the said Newkirk, killing him instantly. That from the time said Newkirk made his appearance, confronting Robards as aforesaid, until he was shot and killed, this defendant was several feet behind the said Robards, and said Robards was unable to see this defendant at any time during said transaction, and that this defendant did not at any time from the time said Newkirk appeared, until said Robards shot and killed him as aforesaid, utter any word or sound, or make any sign or gesture, and that he did not realize what was being done until the said Newkirk was shot and killed as aforesaid, and that he, said defendant, did not at any time fire off, or discharge the gun which he carried, or any other gun, at, against, or into the said Newkirk, but that said Newkirk was shot and killed by the said Robards as aforesaid, and not otherwise. That said Barney Robards was thereafter duly charged by separate indictment in the Parke Circuit Court with the crime of murder in the first degree, for having shot and killed the said John Newkirk, and thereafter, the venue of said cause having been changed to the Fountain Circuit Court, that the said cause came on for trial in and by said Fountain Circuit Court, before a jury legally impaneled; and that upon said trial the said Robards was by the verdict of said jury, and the judgment and sentence of said court, convicted and found guilty of the crime of manslaughter, under said indictment, and was thereby acquitted, and found not guilty of any higher degree of homicide or crime therein.

The third plea omits the narrative of the circumstances attending the shooting of Newkirk, and states only the facts of

the indictment, trial, and conviction of Robards of the crime of manslaughter.

The fourth plea, after the allegations concerning the indictment, trial, and conviction of Robards, states, that the defendant did not by word, sign, or gesture, in any manner participate in the acts constituting the crime of which Robards was convicted; nor did he at the time of the commission of said offense, counsel, encourage or command the said Robards to shoot the said Newkirk, or aid or abet the said Robards in any way in the commission of said crime of manslaughter.

Notwithstanding the provisions of the statute, that in all criminal prosecutions the defendant may plead the general issue orally, and under it may prove on the trial that he has before had judgment of acquittal, or been convicted, or pardoned for the same offense, or any matter of defense, except insanity, it has been held in this State that such matters as might be set up by special plea at common law may yet be presented in that manner. Section 1832 Burns 1894; *Clem* v. *State*, 42 Ind. 420; *Neaderhouser* v. *State*, 28 Ind. 257; *State* v. *Barrett*, 54 Ind. 434.

But the object of a special plea in criminal procedure is not to traverse the charge contained in the indictment, or to give in detail the circumstances constituting the defense. At common law its scope was limited to certain special defenses, and no reason exists at this day for enlarging its range.

It is said in *Clem* v. *State*, 42 Ind. 431: "The defences which a defendant might plead specially in bar of the indictment were formerly of four kinds; a former acquittal, a former conviction, a former attainder, and a pardon. But as attainders are prohibited in this country; Const. U. S., article 1, section 10, and as pardons are not granted until after conviction, State Const., article 5, section 17, the defences which a defendant may thus plead specially are reduced to two; a former acquittal and a former conviction."

Since the decision in *Clem* v. *State*, *supra*, a statute has

been enacted requiring the defense of insanity to be specially pleaded.    Section 1833 Burns 1894, section 1764 Horner 1897.

Special pleas to the jurisdiction of the court, and in abatement, are allowed.    2 Hawkins' Pleas of Crown, 514; Wharton's Crim. Pl. and Pr., sections 422, 423; 1 Bishop's Crim. Procedure, section 791.

None of the matters contained in the second, third, and fourth pleas to the second count of the indictment are. such as can be specially pleaded.    They could not have been so pleaded at common law, nor does the code of criminal procedure authorize that mode of pleading such defenses.    The demurrers to these pleas were properly sustained.

The motion for a new trial calls in question the action of the court in sustaining objections to certain evidence offered by appellant, and in admitting other evidence over his objection.    The record of the trial and conviction of Barney Robards for the crime of manslaughter in killing Newkirk was properly excluded.    The guilt or innocence of the appellant of the crime with which he was separately charged, did not depend upon the conviction or acquittal of Robards.    Nor was the grade of appellant's crime fixed by the verdict and judgment in the case against Robards.

We have carefully examined all of the evidence objected to by appellant, and are of the opinion that wherever it was at all material, it was properly admitted; and that where it was immaterial, the appellant sustained no injury by it.    The testimony excluded by the court was clearly incompetent, and we find no error in these rulings.

The court of its own motion gave to the jury instructions numbered from one to forty-nine, inclusive.    These instructions cover every aspect of the case, and state the law with clearness and precision.    The criticism of counsel for appellant is directed against the thirtieth, thirty-seventh, and thirty-ninth, which were as follows:—

"30th.  If a person sought to be arrested is inflamed by an-

ger and intoxication, and is known by the officer to be armed and dangerous, and the circumstances are such, and the character of the person to be apprehended is such, that the officer is justified in believing, and does honestly believe, that unless he first obtains dominion over the person, so sought to be arrested, that he cannot with safety to his life make the arrest, then such officer would be justified in presenting a weapon to the offender, for the purpose, not of taking his life, but of obtaining dominion over him, and effecting his arrest with safety to himself, and his so doing would not, under such circumstances, be wrongful in the officer.

"37.    It is the defendant's contention that he, Robards, was moved to fire the fatal shot by fear of his life and person from the assault of the deceased, while the State contends that the shot was fired by the *defendant*, not from fear of his life or person, but to prevent his arrest by the deceased as marshal of the town of Judson. If, after a full and careful consideration of the evidence in the case, you entertain a reasonable doubt as to whether or not Robards, at the time he fired the shot that killed the deceased, if you find that he did fire it, in fear of his life and person, and for the purpose of defending himself from apprehended danger to his life and person, or that he fired it to prevent the deceased from arresting him, that doubt must be resolved in favor of the defendant, and you must find that the shot was fired in Robards' defense, and acquit defendant.

"39.    In determining whether or not, on one hand, Robards shot the deceased in his necessary self-defense, or what appeared to him at the time to be his necessary defense, or on the other hand, that he shot the deceased solely to prevent the deceased from arresting him, you have a right to consider all the circumstances developed by the evidence that throw light upon the subject. You have a right, among other things, to consider the previous relations of Robards and deceased; whether or not they were amicable or otherwise, and whether or not, from such previous relations, Robards had

reason to apprehend danger to his life or person from the deceased. You have a right to consider whether or not Robards knew of the official character of the deceased, if you shall find that he was an officer, and whether or not Robards, at the time the deceased was killed, if you shall find that he was killed, had done any act which he knew rendered him amenable to arrest, and whether or not he was at the time apprehending that the deceased would attempt his arrest, and whether or not, at the time the fatal shot was fired by Robards, if you shall find that he fired such shot, he recognized and knew who it was upon whom he fired the shot, and all that was said and done either by Robards or the deceased that will tend in any manner to enlighten your minds upon that question. You should consider the manner in which the deceased approached Robards, if he did approach him; whether or not he was armed with a revolver at the time, and what use he, the deceased, was making of such arms at the time. You, remembering that you are the sole judges of what facts and circumstances are established by the evidence, and of the weight that shall be given to each circumstance established in the case."

Taken in connection with the other instructions given, we find no error in the thirtieth, thirty-seventh, and thirty-ninth instructions above set out. The objections urged against each of them are fully met and removed by other parts of the charge of the court; every qualification and explanation thought necessary by counsel for appellant, are elsewhere stated; and the jury could not have been misled by the inadvertent use of the word "defendant" in the thirty-seventh instruction, where "Robards" was plainly intended.

Instruction numbered forty-eight is complained of because it directed the jury to assess the punishment of appellant, if they found him guilty. Under the law, the jury could determine only the question of the guilt or innocence of appellant, and an attempt by them to assess the punishment being inef-

fectual, it follows, that this part of the instruction could do no harm. *Henderson* v. *People*, 165 Ill. 607, 46 N. E. 711.

No error was committed by the court in refusing to give the special instructions asked for by appellant. As far as they stated the law correctly, they were completely covered by the instructions given by the court of its own motion.

After a careful examination of all the evidence in the cause, we are satisfied that it fully sustains the verdict.

The last two errors assigned relate to the form of the judgment rendered by the court. The verdict was in these words:—"We, the jury, find the defendant guilty of manslaughter as charged in the second count of the indictment, and fix his punishment at imprisonment in the state prison for a period of three (3) years. We further find that he is twenty-nine years of age. James Bilsland, Foreman."

The judgment of the court was in accordance with the indeterminate sentence law.

The question of the constitutionality of this statute is no longer an open one in this State. *Miller* v. *State*, 149 Ind. 607, 40 L. R. A. 109; *Skelton* v. *State*, 149 Ind. 641; *Vancleave* v. *State*, 150 Ind. 273; *Wilson* v. *State*, 150 Ind. 697.

Finding no error in the record, the judgment is affirmed.