### EWING v. STATE OF INDIANA.

[No. 23,849. Filed May 19, 1921.]

1. BURGLARY.—*Burglary of Freight Car.*—*Affidavit.*—*Sufficiency.*—In a prosecution for burglarizing a freight car belonging to a railroad company the affidavit charging the offense *held* sufficient to show a violation of §2268b Burns' Supp. 1918, Acts 1915 p. 619, defining burglary in the second degree. p. 568.

2. CRIMINAL LAW.—*Verdict of Guilty.*—*Validity.*—*Failure to State Crime.*—In a prosecution for burglary in the second degree, a verdict of guilty could have reference only to that offense, and it was not necessary for the verdict to state the crime of which defendant was found guilty. p. 568.

3. CRIMINAL LAW.—*Form of Verdict.*—*Venire de Novo.*—A motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain on its face that no judgment can be pronounced upon it, the verdict, however informal, being good if the court understands it, and it is entitled to have a reasonable intendment and to receive a reasonable construction, and is not to be avoided except from necessity. p. 568.

4. CRIMINAL LAW.—*Appeal.*—*Review.*—*Instructions.*—*Harmless Error.*—*Embodying Repealed Statute.*—In a prosecution for burglary in the second degree by burglarizing a railroad freight car, error in copying into an instruction an older burglary statute (§2264 Burns 1914, Acts 1907, p. 249, §2,) which had been repealed by Acts 1915 p. 619 (§2268b Burns' Supp. 1918) *held* harmless to defendant, where the wording of the two statutes was the same, except that the older included a dwelling among the objects of burglary, while the later did not, and the old statute prescribed a more severe penalty. p. 569.

5. CRIMINAL LAW.—*Appeal.*—*Review.*—*Instructions.*—*Harmless Error.*—*Error as to Punishment.*—Errors in instructions re-

lating to punishment which do not operate to the injury of the defendant will not authorize a reversal. p. 570.

6. CRIMINAL LAW.—*Trial.—Instructions.—Error as to Punishment.*—Error in instructing the jury as to punishment under a repealed statute is not prejudicial where the court, in event of conviction, sentences defendant under the provisions of the statute by which the prosecution was governed and imposes the least sentence which the jury should have fixed if they had been properly instructed. p. 570.

7. CRIMINAL LAW.—*Burglary.—Instructions.—Petit Larceny.*— In a prosecution for burglary in the second degree by burglarizing a railroad freight car, the failure of the court to give an instruction on petit larceny was not error, the affidavit not charging larceny. p. 571.

8. CRIMINAL LAW.—*Appeal.—Review.—Evidence.—Sufficiency. —Scope of Review.—Weighing Evidence.*—In determining the sufficiency of the evidence to sustain a verdict of guilty, the court on appeal will not weigh the evidence, and will consider only the evidence favorable to the state, and if that, with the inferences drawn therefrom, supports the verdict, it is sufficient. p. 571.

9. CRIMINAL LAW.—*Appeal.—Review.—Evidence.—Sufficiency.* Some evidence supporting each material allegation of the affidavit is sufficient evidence to sustain a verdict of conviction. p. 571.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Prosecution by the State of Indiana against Leroy Ewing. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Nash & Henslee* and *Hoffman & Stump,* for appellant.

*U. S. Lesh,* Attorney-General, and *Dale H. Stansbury,* for the state.

WILLOUGHBY, C. J.—This was a prosecution for burglary in the second degree. The affidavit charges the appellant with burglarizing a freight car belonging to the Baltimore and Ohio Railroad Company on the tracks of said company at Garrett, Dekalb county, State of Indiana.

There was a trial by jury and a verdict of guilty, upon

which judgment was rendered and from such judgment the appellant appeals and assigns as error: That the Dekalb Circuit Court erred in overruling appellant's motion for a new trial; (2) that said court erred in overruling appellant's motion in arrest of judgment; (3) that said court erred in overruling appellant's motion for a *venire de novo*.

The errors assigned in the motion for a new trial are: That the court erred in giving certain instructions and that the verdict was contrary to law and not sustained by sufficient evidence.

The motion in arrest of judgment is as follows: "Comes now the above named defendant and moves the court in arrest of judgment in the above entitled cause, and that no judgment be rendered on the verdict therein for the reason that the facts stated in the affidavit do not constitute a public offense."

In the motion for a *venire de novo* the appellant states that: First. The verdict does not define the crime of which the defendant is found guilty. Second. The verdict does not state the degree of burglary of which the defendant is convicted. Third. The verdict does not state what crime the jury found the defendant guilty of.

The affidavit upon which the appellant was prosecuted, omitting the caption and signatures, is as follows: "Grover Easter being duly sworn upon his oath says that one LeRoy Ewing, late of said county, on or about the 15th day of April, A.D. 1920, at said county and state aforesaid did then and there unlawfully, feloniously and burglariously, in the nighttime, break and enter into a certain railroad freight car, to wit: one car bearing the name Northern Pacific and numbered 44639, then and there being the property of the Baltimore and Ohio Railroad Company and in the possession of said company, and then and there situate in

Garrett yards of said Baltimore and Ohio Railroad Company, in Dekalb county, State of Indiana, with intent then and there feloniously and burglariously to take, steal and carry away the goods, chattels and personal property of the said Baltimore and Ohio Railroad Company, a common carrier, then and there being, contrary to the form of statute in such cases made and provided and against the peace and dignity of the State of Indiana."

This affidavit alleges every fact necessary to show a violation of §2 of chapter 165 of the Acts of 1915, which defines burglary in the second degree. Acts 1915 p. 619, §2268b Burns' Supp. 1918; *Edwards* v. *State* (1878), 62 Ind. 34; *Sims* v. *State* (1894), 136 Ind. 358, 36 N. E. 278; *Choen* v. *State* (1882), 85 Ind. 209; *Hunter* v. *State* (1867), 29 Ind. 80; *Barnhart* v. *State* (1900), 154 Ind. 177, 56 N. E. 212.

1. It is apparent that the court did not err in overruling appellant's motion in arrest of judgment. The appellant in this case was charged with the crime of burglary in the second degree. A verdict of guilty upon that charge means a verdict of guilty of burglary in the second degree, and it was not necessary for the verdict to state the crime of which the appellant was found guilty.

2. It has been held in this state that a motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain on its face that no judgment can be pronounced upon it. The verdict, however informal, is good, if the court understands it. It is to have a reasonable intendment and is to receive a reasonable construction and is not to be avoided except from necessity. *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826, and cases there cited. The motion for a *venire de novo* was properly overruled.

3.

Appellant claims that a new trial should have been granted because "the defendant was tried without any plea being entered of record."

It appears from the record in this case, and also by appellant's brief, that this reason was not assigned as a cause for a new trial in appellant's motion for a new trial. However, the return to a writ of *certiorari* correcting the transcript in this court shows that a plea of not guilty was entered in the trial court and trial had on the issue thus joined.

Appellant claims that the court erred in giving instruction No. 3, as the law under which the defendant was being tried. Appellant insists that this act 4. was repealed by the act of March 10, 1915, Acts 1915 p. 619, *supra*. These statutes—§1 of the act of 1907, Acts 1907 p. 249, §2264 Burns 1914, and §2 of the act of March 10, 1915, Acts 1915 p. 619, *supra*—are exactly alike, except that the older statute includes a "dwelling" among the objects of burglary, while the later statute does not. This could not have harmed appellant, as he was not on trial for burglarizing a dwelling and there was no evidence that he entered a dwelling. The charge was burglarizing a railroad freight car, and upon that charge he was being tried. The old statute also prescribes a penalty of imprisonment from ten to twenty years, while the new statute prescribes a penalty of imprisonment not less than two years nor more than fourteen years. The court copied the older statute in the instruction read to the jury. This was error but could not have been harmful to appellant. It cannot be assumed that the jury would more readily convict if they believed the minimum penalty to be imprisonment for ten years than if they believed the minimum penalty was two years.

The judgment of the court on the verdict was: "That the defendant, LeRoy Ewing for the offense by him

committed, be committed to the board of trustees of the Indiana Reformatory to be confined by them according to law for a period of not less than two years nor more than fourteen years." The judgment conformed to the statute of 1915, defining burglary in the second degree and fixing the punishment therefor.

Errors in instructions relating to punishment which do not operate to the injury of defendant will not authorize a reversal. Thus, an erroneous instruction as to punishment is harmless, where the jury has no power to fix the punishment, or to impose the minimum punishment allowed by law, or to disregard the instruction and fix the punishment at less than that prescribed by the instruction; where the court reduces the punishment to the minimum, or where the jury does not act on the instructions, but leaves it to the court to fix the punishment, and the court imposes the proper penalty. So error in instructing the jury as to punishment under a repealed statute is not prejudicial, where the court sentences defendant under the provisions of the statute by which the prosecution was governed and imposes on the defendant the least sentence which the jury should have fixed if they had been properly instructed. 17 C .J. 345. See *Davis* v. *State* (1899), 152 Ind. 145, 52 N. E. 754; *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009; *Fuson* v. *Commonwealth* (1918), 173 Ky. 238, 190 S. . W. 1095; *State* v. *Tull* (1894), 119 Mo. 421, 24 S. W. 1010; *State* v. *Harl* (1897), 137 Mo. 252, 38 S. W. 919. The giving of instruction No. 3 was not reversible error because it was not harmful to appellant.

Appellant claims that instruction No. 11 stated facts and circumstances assumed by the court to exist, and took away from the jury the right to determine whether such facts and circumstances were proved. The appellant has interpreted the instruction wrongly. Instruc-

tion No. 11 told the jury that the evidence required to convict need not be direct evidence, but might be circumstantial, when the facts and circumstances in evidence prove beyond a reasonable doubt the guilt of defendant of the crime charged. The construction put upon this instruction by appellant is unwarranted. It was not error to give it.

Appellant complains that the court did not give an instruction on petit larceny. No such instruction was tendered by defendant, but if it had been it 7. should not have been given. The affidavit upon which appellant was prosecuted did not charge larceny. Burglary and larceny may be charged in the same affidavit, but the affidavit in this case charged only burglary.

Finally, appellant insists that the verdict is not sustained by sufficient evidence. In his argument in support of this proposition appellant says: "The 8. evidence leaves a reasonable doubt as to whether appellant committed the crime." This court cannot weigh the evidence, and, in determining the sufficiency of the evidence to support the verdict, will consider only the evidence favorable to appellee, and if that with the inferences drawn therefrom supports the verdict, it is sufficient. See *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593; *Goodman* v. *State, supra.* Some evidence supporting each material allegation of 9. the affidavit is sufficient evidence and an examination of the evidence in this case shows that there was some evidence to support every material allegation contained in the affidavit.

We have examined every question properly presented by appellant's brief and find no reversible error. Judgment affirmed.