## GAINES v. STATE OF INDIANA.

[No. 23,908.    Filed October 27, 1921.]

1. BURGLARY. — *Affidavit.* — *Sufficiency.* — *"Entering Dwelling House".*—In a prosecution for burglary, an affidavit charging that defendant broke into and entered into the "dwelling house" of a person named, situated, etc., *held* sufficient to charge burglary in the first degree under §2268a Burns' Supp. 1918, Acts

1915 p. 619, defining that offense as the act of breaking and
entering into any "dwelling or other place of human habita-
tion," the word "dwelling" importing a human habitation.
p. 264.

2. CRIMINAL LAW.—*Confessions.*—*Proof of Corpus Delicti.*—A
naked confession is one which is not corroborated by independ-
ent proof of the *corpus delicti,* and upon such a confession
made in open court, a conviction of any crime and sentence
therefor may be had; but in case of all extra-judicial con-
fessions it is the rule that the *corpus delicti* must be proved
by additional evidence before a conviction upon the naked
confession alone will be upheld.   p. 268.

3. CRIMINAL LAW.—*Burglary.*—*Evidence.*—*Sufficiency.*—*Failure
to Prove Corpus Delicti.*—In a prosecution for burglary, where
there was no proof of the *corpus delicti,* except defendant's
extra-judicial confession *held* that a verdict was not sustained
by sufficient evidence, since before a conviction will be upheld
upon such a confession, the *corpus delicti* must be proved by
additional evidence.  p. 269.

4. CRIMINAL LAW.—*Harmless Error.*—*Instructions.*—*Instruc-
tion as to Statute Superseded by Later Act.*—In a prosecu-
tion for burglary under §2268a Burns' Supp. 1918, Acts 1915
p. 619, an instruction in the language of §2264 Burns 1914,
Acts 1907 p. 249, which had been superseded by such later
act, was harmless, where all that part of the earlier statute
which refers to buildings other than a dwelling had no applica-
tion to the facts in the case, and the penalty stated in the
instruction was the same as that fixed by the later act.  p. 270.

5. TRIAL.—*Instructions.*—*Applicability.*—The refusal of tendered
instructions which are not applicable to the facts shown by the
evidence is proper.  p. 270.

From Clark Circuit Court; *James W. Fortune,* Judge.

Prosecution by the State of Indiana against David
Gaines.   From judgment of conviction, the defendant
appeals.   *Reversed.*

*L. A. Douglass* and *George C. Kopp,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward
Franklin White,* for the state.

WILLOUGHBY, J.—The appellant was convicted of
burglary in the first degree.  The trial was by jury,
upon an affidavit in two counts.  The first count

charged burglary in the first degree and the second count charged larceny. The jury found the appellant guilty on the first count. There was no finding on the second count. Judgment was rendered on the verdict that the appellant be imprisoned in the state prison not less than ten nor more than twenty years and disfranchised for ten years. From such judgment appellant appeals.

No motion was made attacking the sufficiency of the affidavit. The questions presented by this appeal arise upon the action of the court in overruling appellant's motion for a new trial.

In the motion for new trial it is contended by appellant that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The verdict is upon the first count of the affidavit and finds "the defendant guilty of burglary in the first degree as charged in the first count of the affidavit."

Appellant insists that the first count of the affidavit does not state a public offense because burglary in the first degree can only be committed by breaking and entering a place of human habitation; that the affidavit contains no statement that the dwelling charged to have been entered was a place of human habitation; that for these reasons a verdict finding defendant guilty on the first count of the affidavit would be contrary to law.

The first count of the affidavit, omitting the formal parts is as follows: "Ellsworth Summers, being duly sworn upon his oath says: That at the County of Clark and State of Indiana, on or about the 10th day of September, 1920, David Gaines, did then and there unlawfully, feloniously and burglariously in the night time, break and enter into the dwelling house of Andrew Heilman, situated in Jeffersonville Township, Clark County, Indiana, with intent then and there, feloniously

and burglariously to take, steal and carry away the goods, chattels and personal property of the said Andrew Heilman, then and there being, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

This count describes the offense defined in the first section of the act of March 10, 1915, Acts 1915 p. 619, §2268a et seq. Burns' Supp. 1918. The word "dwelling" imports a human habitation.

In the case of Bell v. State (1866), 20 Wis. 630, which was a prosecution for burglary and larceny, it is said, "The words 'the dwelling house of Oscar C. Ferris,' mean that the building broken and entered was his place of residence, and that he occupied it as such at the time of the breaking and entry. An averment in this form is good in the common law indictment for burglary and larceny."

Section 2264 Burns 1914, Acts 1907 p. 249, defined the crime of burglary. The act of March 10, 1915, supra, divided the offense of burglary into two degrees. The breaking and entering into any dwelling or other place of human habitation with intention to commit a felony was made by this statute burglary in the first degree. Breaking into any of the other houses or buildings enumerated in §2264 Burns 1914, supra, was defined as burglary in the second degree.

The first count of the affidavit in this case alleges every fact necessary to show a violation of the first section of the act of 1915, supra, which defines burglary in the first degree. See Acts 1915 p. 619, supra; Edwards v. State (1878), 62 Ind. 34; Sims v. State (1894), 136 Ind. 358, 36 N. E. 278; Choen v. State (1882), 85 Ind. 209; Hunter v. State (1867), 29 Ind. 80; Barnhart v. State (1900), 154 Ind. 177, 56 N. E. 212; Ewing v. State (1921), 190 Ind. 565, 131 N. E. 43.

This count was a sufficient charge of burglary in the first degree and the jury were warranted in finding "the defendant guilty of burglary in the first degree, as charged in the first count of the affidavit," if the evidence supports the finding.

The appellant urges that the verdict of the jury is not sustained by sufficient evidence. The state relies for conviction upon what it terms an oral confession of appellant. The witnesses by which the state sought to prove the alleged confession were Andrew Heilman, the owner of the house alleged to have been burglarized, Mary Heilman, his wife, and certain police officers of the city of Jeffersonville, Indiana.

On the subject of the alleged confession, Andrew Heilman testified: "When the police had Gaines locked up in the city jail I went down and saw him there. They brought him out into the room and I asked him if he took the money. He denied taking it. My wife was with me and she talked with him too. He still denied taking the money. Capt. Summers was there and he told Gaines if he got the money to say so. Gaines said he didn't take it. He told where he was rooming and said he had not been in the house. My wife talked to him and he finally said he got the money. He said he opened the door with a key and got the key to the dresser drawer and got the money out. Gaines had been arrested and was in jail. No affidavit had been filed against him. Capt. Summers told him if he would tell how he got the money they wouldn't prosecute him so hard and make it light for him."

Mary Heilman testified: "I am the wife of Andrew Heilman. I was present at the police station with my husband at the time he was sent for to come down and see David Gaines. I went down with my husband and they told me to tell Dave if he would say he took the money they wouldn't prosecute him so hard. He said

that he didn't take it. I went back to the police sta-
tion that day. Capt. Summers told me to tell Gaines
if he would say that he took the money they wouldn't
prosecute him. I told Gaines what he told me to tell
him. The old man cursed Dave and called him names.
Dave then said to me, I will say that I took the money,
but I am as innocent as a new born baby. I told him
what they had promised they would do. He said I'll
tell them I took it but I didn't do it. Then he told them,
I'll say that I took the money but I didn't do it."

Ellsworth Summers testified: "I am the chief of
police of Jeffersonville, Indiana. The defendant was
arrested on Tuesday morning and put in jail at the
police station. I questioned him about the money; no
one was there at that time. I asked him if he had been
out there. I made no threats but talked to him as I
would to any other person. On Wednesday morning
between seven and eight o'clock I talked to him again
about it. I sent for Mr. Heilman. In the afternoon of
the same day, he and Mrs. Heilman came down to the
jail. Mr. Heilman talked to him and told him if he got
the money to say so. In my conversation with him
there I said if you went out there and did that job why
don't you tell it. He finally said he did it. Mrs. Heil-
man said if you didn't get it I don't want it. He broke
down and cried and said, Ma, I've taken your money
between $62 and $72 of it. I did not promise him that
if he would say he took the money I would not prosecute
him. He said the key to the dresser drawer was hang-
ing up and he got the key and opened the drawer and
then hung it back up. At the time Gaines made these
statements he was under arrest and in the city jail.
It was Wednesday night when he was arrested and put
in jail. The prosecutor talked with Gaines the first
time and he denied to him of taking the money. When
Mr. and Mrs. Heilman came down and talked to Gaines,

they, myself, and Gaines were the only ones there. I did not threaten him and neither did Mrs. Heilman. Gaines and Mr. Heilman got to talking rather loud. Heilman did curse him and started to strike him with his fist. I stopped it. We found a pocketbook on him, showed it to Mrs. Heilman and she said it was not theirs."

Dennis Donovan testified: "I am sergeant of police of Jeffersonville, Indiana. Have been on the police force for eleven years. Saw Gaines at the police station and talked to him about the money. He denied taking it. Afterwards he confessed and told us about it. I did not threaten him but did call him a liar when he said he did not get the money."

It is the claim of the appellant that the *corpus delicti* has not been proven and that no evidence tending to prove the same was introduced, therefore, the verdict is not sustained in one essential element of the offense.

Section 2115 Burns 1914, Acts 1905 p. 584, 636, provides as follows: "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear, produced by threats or by intimidation or undue influences; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

A naked confession is one which is not corroborated by independent proof of the *corpus delicti*. Upon such a confession made in open court, as, for example, 2. by a plea of guilty, a conviction of any crime, and sentence may be had. But in the case of all extra-judicial confessions it is the rule that the *corpus delicti* must be proved by additional evidence before a conviction upon the naked confession alone will be upheld. Underhill, Criminal Evidence (2d ed.) §147.

In Gillett, Indirect and Collateral Evidence §117, it

is stated that: "In the United States the doctrine is thoroughly established that an extra judicial confession will not be received as plenary evidence, and further, that there must be also proof in such cases of the *corpus delicti.*" In support of this doctrine see: *United States* v. *Boese* (1891), (D. C.) 46 Fed. 917; *People* v. *Badgley* (1836), 16 Wend. (N. Y.) 53; *People* v. *Deacons* (1888), 109 N. Y. 374, 16 N. E. 676; *State* v. *Davidson* (1858), 30 Vt. 377, 73 Am. Dec. 312; *Gray* v. *Commonwealth* (1882), 101 Pa. St. 380, 47 Am. Rep. 733; *South* v. *People* (1881), 98 Ill. 261; *Bergen* v. *People* (1856), 17 Ill. 426, 65 Am. Dec. 672; *Williams* v. *People* (1882), 101 Ill. 382; *State* v. *Laliyer* (1860), 4 Minn. 368; *State* v. *Hogard* (1867), 12 Minn. 293; *State* v. *Knowles* (1878), 48 Iowa 598; *Pitts* v. *State* (1870), 43 Miss. 472; *Robinson* v. *State* (1849), 12 Mo. 592; *State* v. *Scott* (1867), 39 Mo. 424; *Priest* v. *State* (1880), 10 Neb. 393, 6 N. W. 468; *Smith* v. *State* (1885), 17 Neb. 358, 22 N. W. 780.

The appellant insists that there was no evidence tend to show that any burglary was committed by breaking into the house of Andrew Heilman as alleged 3. in the affidavit, except what may be inferred from the statements of the defendant himself while under arrest and being questioned by the police officers.

We have examined the evidence thoroughly for any other evidence tending to show that burglary had been committed at the time and place as alleged in the affidavit and no such evidence appears in the record. If the "confession" of the appellant is eliminated from the evidence there is no evidence at all tending to show that any burglary was committed. The verdict is therefore not supported by the evidence, in one of the essential elements of the offense and is not according to law.

It is claimed by appellant that the court erred in giving instruction No. 3 of the series tendered by the state.

That instruction is a copy of §2264 Burns 1914, supra, which had been superseded by Acts 1915 p. 619, supra. It is apparent that this instruction was given by the court under a misapprehension of the law, but we fail to find anything in it which could be in any way harmful to the appellant, for all that part of the section which refers to other buildings except a dwelling, has no application to the facts in this case.

The appellant was charged with the crime of burglary in the first degree. This charge states all the elements of the offense as charged in the affidavit. It provides that the penalty upon conviction shall be imprisonment for not less than ten years nor more than twenty years and that the person convicted shall be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. The penalty is that fixed by Acts 1915 p. 619, supra, which was in force at the time of the filing of this affidavit and at the time of the trial of the cause. Therefore no injury could result to the defendant from such instruction and it was not reversible error to give it. On this subject see: 17 C. J. 345; Davis v. State (1899), 152 Ind. 145, 52 N. E. 754; Bader v. State (1911), 176 Ind. 268, 94 N. E. 1009; Fuson v. Commonwealth (1917), 173 Ky. 238, 190 S. W. 1095; State v. Tull (1894), 119 Mo. 421; State v. Harly (1897), 137 Mo. 252, 38 S. W. 919; Ewing v. State, supra.

Appellant objects to instruction No. 11 of the series tendered by the state for the reason that he says it is not applicable because a breaking into a dwelling house is not burglary unless it is a place of human habitation. The contention cannot be upheld. The word "dwelling" imports a place of human habitation. Instruction No. 12 of the series tendered by the defendant was not applicable to the case as shown by

the evidence and the giving of such instruction was properly refused.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

The clerk will issue the necessary warrant for the return of the prisoner to the sheriff of Clark county.

Myers, J., absent.