COCKERHAM *v.* STATE OF INDIANA.

[No. 30,612. Filed March 2, 1965. Rehearing denied April 5, 1965.]

304

*George H. Gossman,* of Seymour and *Ralph Hamill, John P. Price,* and *Hollowell, Hamill & Price,* of counsel, of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal from a conviction of the appellant of the offense of first degree burglary. The appellant assigns as error in the overruling of the motion for a new trial, first, the admission of certain evidence introduced in violation of a notice of alibi served on the prosecuting attorney. The statute concerning alibi states:

" . . . the defendant shall, not less than ten [10] days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense." Acts 1935, ch. 228, §1, p. 1198, being Section 9-1631 of Burns' Ind. Stat. Anno. (1956 Repl.)

The evidence shows that the trial was set for February 7, 1964, and on January 27, 1964 the appellant served notice of alibi on the prosecuting attorney. However, this notice was not filed with the court until February 1, 1964. The appellant contends that the statute does not say "filed with the

court" and that a filing may be merely a delivery, such as a delivery to the prosecuting attorney in this case. The argument is further made that filings may be made in the secretary of state's office, the recorder's office, auditor's office and various other public offices. In this instance, however, since the filing refers to criminal proceedings which take place only in a court, it is our opinion that the statute must be read in that light and the filing in this instance, as referred to in the alibi statute, requires that it be filed within the time limitation in the clerk's office of the court where the criminal proceeding is pending. The filing with the court is normally done by the clerk, as an arm of the court. *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362; *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98.

A more substantial question is presented here by the appellant when he urges that the verdict of the jury is not sustained by sufficient evidence in that there was no evidence of a "breaking" of the dwelling house involved. For that purpose we must briefly review the evidence, which is as follows: The evidence is that Mr. and Mrs. Van Buskirk went to Marion on May 7, 1963 and returned to Seymour, Indiana, stopping first at a restaurant and service station, of which Mr. Van Buskirk was the manager, and picked up some money in a bag and went to their home in Seymour about 11:30 o'clock that night. They shortly thereafter went upstairs to bed and while preparing for bed, Mrs. Van Buskirk heard a noise downstairs and asked her husband if he heard this noise. The lights were still on and she looked down the stairway where a mirror gave a view of the downstairs, and saw the appellant in the mirror downstairs. She immediately called to her husband that a man was in the house and they both went downstairs and found the money bag which they had placed on the downstairs table gone, and also the two purses of Mrs.

Van Buskirk. When they got downstairs, the back door and screen were open. Mrs. Van Buskirk said she saw the man in the mirror leaving through the door.

Mr. Van Buskirk testified that during the day they were out of town and their home was locked up. His testimony is as follows:

"Q. When you arrived home, were the doors locked to your house as you entered?

"A. Yes sir.

"Q. Did you unlock the doors?

"A. The front door. We never used the back door."

Paul Van Buskirk further testified that the doors and windows to the house were closed at the time he went upstairs to go to bed. Mr. Van Buskirk further testified that they had sole possession of the house and when they arrived home they unlocked the front door to get in and then went upstairs and after detecting the intruder, came downstairs and found the rear door open and the money bag and two purses with a ring and watches in it, gone. There is some equivocation with reference to whether or not the witnesses could say *absolutely and without question* that the doors remained closed, but we believe there is sufficient evidence upon which the jury could conclude that there being no evidence to the contrary, once the doors were closed or locked, that they remained in that condition so far as Mr. and Mrs. Van Buskirk were concerned. After the intruder had escaped, the rear door was found open. An inspection of the house revealed no marks showing that any doors or windows were pried open.

The statute upon which the prosecution is based reads as follows:

" . . . Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do

any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." Acts 1941, ch. 148, § 4a, p. 448, being Section 10-701 of Burns' Ind. Stat. Anno. (1956 Repl.)

Under this statute an essential element of proof is the "breaking" and entering of a dwelling house or place of human habitation, as distinguished from the mere taking of property alone, as in the case of larceny.

In *Barrick* v. *State* (1954), 233 Ind. 333, 339, 119 N. E. 2d 550, 553, we stated:

> "The term 'breaking' as used in our statute denouncing the crime of burglary does not imply the actual fracturing of or injury to a material part of a building, such as a door or window. It includes the putting aside of any material part of the building intended as a security against invasion, such as removing a window screen, . . . . or opening a closed door."

Walking through an open door does not constitute a "breaking" as such element is known in the crime of burglary. However, the use of the slightest force in pushing aside a door in order to enter does constitute a breaking through the doorway. *Link* v. *State* (1953), 232 Ind. 466, 113 N. E. 2d 43.

Opening an unlocked door or raising an unlocked window is sufficient to constitute a breaking.

In *Sims* v. *The State* (1893), 136 Ind. 358, 36 N. E. 278, the appellant merely removed a wire screen which took but the very slightest effort. Nevertheless, such act was sufficient to constitute a "breaking" as part of the crime of burglary. In this case the opening of a closed door or window would constitute a breaking of the home in which the Van Buskirk's lived. The jury, from the facts here, could rea-

sonably conclude from the evidence that no one could enter the home with the windows and doors locked and closed without opening such doors or windows. This would constitute a "breaking" even though there be no physical marks showing that force was used. As a matter of logic, no one could conclude otherwise than that a door or window had to be pushed open to get inside the house. We must therefore find that there was sufficient evidence to sustain the verdict of the jury. We have said:

> "Although appellant contends that he entered the building through an open door, the jury is not bound to accept appellant's explanation in the face of evidence which could lead them to a contrary conclusion." *Harrison* v. *State* (1964), 245 Ind. 336, 197 N. E. 2d 770; *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771.

It is further contended that the identification of the appellant here is not substantial. However, the evidence does show that he was identified by Mrs. Van Buskirk, who saw him. His identity is corroborated by the fact that he pawned a ring which was identified as one of the articles taken from the Van Buskirk home. The jeweler, in the presence of the appellant and a police officer, stated that the appellant had pawned the ring. The ring was returned to the police officer who introduced it in evidence at the trial and it was identified as being found in the jewelry shop.

It is further argued that there is no evidence that the ring or the money taken was the property of Paul Van Buskirk. The evidence clearly shows that Mr. Van Buskirk had possession of the money bag containing the stolen money. Although there is no proof of legal title, there is proof that the money was in his custody and he had the rightful possession of it at the time it was stolen. The rule is well established that burglary is an offense against possessory interest

of property and it is not required that it violate the legal title. *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347; *Sneed, Lockridge* v. *State* (1955), 235 Ind. 198, 130 N. E. 2d 32.

The judgment is affirmed.

Myers and Landis, JJ., concur.

Jackson and Achor, JJ., dissent.

NOTE.—Reported in 204 N. E. 2d 654.