## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 04 2020, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bailey B. Scott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 4, 2020

Court of Appeals Case No.
20A-CR-832

Appeal from the Vanderburgh
Circuit Court

The Honorable Gary J. Schutte,
Magistrate

Trial Court Cause No.
82C01-1907-F4-5209

**Mathias, Judge.**

[1] Following a jury trial in Vanderburgh Circuit Court, Bailey B. Scott ("Bailey")[1] was convicted of Level 4 felony burglary and Class A misdemeanor theft. Bailey appeals and claims that the State presented insufficient evidence to support her burglary conviction, specifically that there was no evidence of her breaking to enter the dwelling. Concluding that the jury could reasonably infer that Bailey broke and entered the dwelling, we affirm.

## Facts and Procedural History

[2] Bailey is Earl Scott's ("Earl") ex-wife. Bailey and Earl were married in April 2016. They filed for divorce in March 2018, and the divorce was finalized in September 2018. Thereafter, Earl began a relationship with Lindsay Taylor ("Lindsay"), whom he married after the events of this case. Bailey and Lindsay did not have a good relationship.

[3] On July 27, 2019, Earl and Lindsay were at a company picnic at a minor league baseball game with two of their children. Earl's fourteen-year-old daughter, A.S. did not attend the game but instead was at soccer practice. At the baseball game, Earl noticed that his ex-wife Bailey and some members of her family were also in attendance. At some point during the game, Earl saw Bailey leave the stadium, which he thought odd since her family was still there.

---

[1] We refer to the defendant by her first name because several people involved in this case share her surname.

[4] Earl's mother, Ruth Anne Scott ("Ruth Anne"), picked A.S. up from soccer practice at approximately 6:00 p.m. and had planned to drive her to the baseball game to be with the rest of her family. But A.S. wanted to go home, shower, and rest. So Ruth Anne drove A.S. to Earl's home.

[5] When they arrived, they noticed that Bailey's car was parked in front of the house. A.S. approached the side door of the home, which they usually left unlocked, as they kept the front door locked. When she got to the side door, she was surprised to see Bailey coming out of the door. Bailey had several items in her hand and was closing the door when she saw A.S. Bailey, who was wearing plastic gloves, appeared to be shocked to see A.S. and seemed to be in a hurry. A.S. also noticed that Bailey was carrying what she later determined was an Amazon Echo Dot device and some cheese.

[6] A.S. asked Bailey what she was doing in the home, to which Bailey responded that she was simply leaving a message for Earl. But she also told A.S. not to tell her dad that she was there. As Bailey walked by her, A.S. grabbed the Amazon Echo Dot from her hand and went inside the home. She noticed that several items had been moved and at least one item had been placed near the door. There was also no note from Bailey to Earl in the home. A.S. then went outside to inform her grandmother of what happened.

[7] Ruth Anne initially remained in her car after A.S. exited, but when she saw that Bailey's car was running, she walked over to see if anyone was inside. When she saw that no one was inside the car, she reached inside, turned off the

ignition, and took the keys. When she saw Bailey walking down the driveway away from her son's home, Ruth Anne called 911. Bailey, carrying a purse and a cell phone, walked away while Ruth Anne followed her in her car.

[8] Vanderburgh County Sheriff's Deputy Brad Fein ("Deputy Fein") responded to the call of a residential burglary and found Bailey, who matched the description given by the dispatcher, a block away from Earl's home. Bailey had in her possession a purse and a grocery-store-type plastic bag. When Deputy Fein asked Bailey what was going on, she replied, "I was never in that house[.] I didn't take anything." Tr. p. 135. Deputy Fein drove Bailey back to Earl's house, where an Evansville Police Department officer was also on the scene. When the bag Bailey had been carrying was searched, the police found some items from Earl's home; they also found Lindsay's wallet and cell phone charger in the purse Bailey was carrying.

[9] As a result of this incident, the State charged Bailey with Level 4 felony burglary and Class A misdemeanor theft. A jury trial was held on February 5–6, 2020, at the conclusion of which the jury found Bailey guilty as charged. At the March 6, 2020 sentencing hearing, the trial court imposed a sentence of six years on the Level 4 felony burglary conviction, with one year to be served in the Department of Correction, three years on work release, and two years suspended to probation. The court imposed a concurrent one-year sentence on the misdemeanor conviction. Bailey now appeals.

# Standard of Review

[10] Bailey challenges the sufficiency of the evidence to support her burglary conviction. The standard we apply when reviewing claims of insufficient evidence is well settled:

> When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. We consider only the probative evidence supporting the verdict and any reasonable inferences which may be drawn from this evidence. We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.

*Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied* (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)).

# Discussion and Decision

[11] To prove that Bailey committed Level 4 felony burglary, the State was required to prove that she: (1) broke and entered, (2) a dwelling of another person, (3) with the intent to commit a felony or theft therein. Ind. Code § 35-43-2-1(1). The information charging Bailey with burglary tracked this statutory language, alleging that she broke and entered into Earl's dwelling with the intent to commit theft therein. *See* Appellant's App. p. 17. On appeal, Bailey challenges the sufficiency of the evidence only on the "breaking" element.

[12]     Our supreme court has long held that "[u]sing even the slightest force to gain unauthorized entry satisfies the breaking element of the crime." *Davis v. State*, 770 N.E.2d 319, 322 (Ind. 2002) (citing *Trice v. State*, 490 N.E.2d 757 (Ind. 1986)). Walking through an open door does not constitute a "breaking" for purposes of the burglary statute. *Hooker v. State*, 120 N.E.3d 639, 646 (Ind. Ct. App. 2019), *trans. denied* (citing *Cockerham v. State*, 246 Ind. 303, 307, 204 N.E.2d 654, 657 (1965)). But opening an unlocked door or pushing a door that is slightly ajar constitutes a breaking. *Davis*, 770 N.E.2d at 322 (citing *Utley v. State*, 589 N.E.2d 232 (Ind. 1992)). Moreover, circumstantial evidence alone can prove the occurrence of a breaking. *Wilson v. State*, 94 N.E.3d 312, 323 (Ind. Ct. App. 2018) (citing *Payne v. State*, 777 N.E.2d 63, 66 (Ind. Ct. App. 2002)).

[13]     On appeal, Bailey claims that there was no evidence regarding how she got inside Earl's residence, arguing that the State merely assumed that she entered through the side door. Bailey insists this is just an assumption with no supporting evidence and that "it is possible that [Bailey] entered through an open door or window." Appellant's Br. p. 10. We are unpersuaded.

[14]     The State presented evidence that the front door of the home was usually kept locked, and the side door was usually kept unlocked, as this was the entrance normally used by the home's occupants. We believe that the jury, using its collective Hoosier common sense, could reasonably conclude that neither the side door nor the windows were left wide open in the middle of the summer. Furthermore, when A.S. caught Bailey in the act of leaving the home, Bailey was closing the door. The jury could reasonably conclude from all this

evidence, and the reasonable inferences to be drawn from this evidence, that Bailey opened and entered through the unlocked side door and left Earl's home through this same door. This is sufficient to establish the element of "breaking." Bailey's arguments to the contrary amount to little more than speculation and a request to reweight the evidence in her favor.

## Conclusion

[15] Because there was sufficient evidence to support Bailey's burglary conviction, we affirm the judgment of the trial court.

[16] Affirmed.

Bradford, C.J., and Najam, J., concur.